Douglas County vs. Bardon and others.

---

DOUGLAS COUNTY, Respondent, vs. BARDON and others, imp., Appellants.

*April 14 — May 5, 1891.*

*Official bond not executed by principal.*

A county treasurer's official bond, by the terms of which he and his sureties " are each severally held and firmly bound," and do bind themselves " severally and firmly by these presents," is several as well as joint, and, even though the treasurer himself does not sign it, is valid and binds the sureties.

APPEAL from the Circuit Court for *Douglas* County.

This action is upon two official bonds of the defendant Vincent Cournoyer, county treasurer of *Douglas county*,— one of which was executed in January, 1887, by five sureties, but not by the treasurer; and the other was executed

in December of the same year by such treasurer and four sureties, one of whom was also surety in the first bond. The last bond was executed pursuant to a resolution of the. county board of supervisors requiring such treasurer to give an additional bond. That bond is not involved in this appeal, and no further reference will be made to it. The treasurer and all the sureties are made defendants in the action.

The bond of January, 1887, is set out in the complaint. The obligatory part thereof is as follows: " Know all men by these presents that Vincent Cournoyer, as principal; and *James Bardon*, *Denis Dean*, Vincent Roy, *Josiah Bond, Jr.*, and *James S. Ritchie*, as sureties, of Superior, in the county of *Douglas*, in the state of Wisconsin, are each severally held and firmly bound unto the county of *Douglas* in the sum set opposite their respective names signed thereto, aggregating in the whole $10,000 good and lawful money of the United States of America, to be paid to the said county of *Douglas*, its certain attorneys, heirs, executors, administrators, or assigns, for the payment of which sums set opposite our names well and truly to be made we bind ourselves, our heirs, executors, and administrators, severally and firmly by these presents. Sealed with our seals, and dated this 18th day of January, in the year 1887." The condition is in the form prescribed by sec. 710, R. S. Each surety wrote after his signature to the bond, " Two thousand dollars." Breaches of the bond are charged in the complaint, and judgment demanded because of such breaches for $7,053, with interest and costs.

Four of the sureties, the defendants *Bardon, Dean, Bond,* and *Ritchie,* interposed two general demurrers to the complaint, which were overruled by the court. A single order was entered overruling the same, from which the four defendants last named appeal.

For the appellants there was a brief by *E. L. Johnson,*

*Burhans & Ticknor,* with *Cash & Williams* of counsel, and oral argument by *J. G. Williams.* To the point that the statute required the principal to execute the bond, and that it was of no validity until so executed; and that his signing it was an implied condition on which it was signed by the sureties, they cited *Kimball W. W. Co. v. Baker,* 62 Wis. 526; S. & B. Ann. St. secs. 701, 710; *Sharp v. U. S.* 4 Watts, 21, 23; *S. C.* 28 Am. Dec. 676, and note; *People v. Hartley,* 21 Cal. 585; *Bean v. Parker,* 17 Mass. 591; *Wood v. Washburn,* 2 Pick. 24; *Russell v. Annable,* 109 Mass. 72; *State v. Austin,* 35 Minn. 51; *Sacramento v. Dunlap,* 14 Cal. 421; *Ferry v. Burchard,* 21 Conn. 598; *Bunn v. Jetmore,* 70 Mo. 228; 2 Am. & Eng. Ency. of Law, 466; note of Judge REDFIELD in *Insurance Co. v. Brooks,* 3 Am. Law Reg. (N. S.), 399; *Johnston v. Kimball Tp.* 39 Mich. 187; *Board v. Sweeney* (S. D.), 48 N. W. Rep. 302; Murfree, Off. Bonds, §§ 9, 10; *Trustees v. Sheick,* 119 Ill. 579; *State v. Bowman,* 10 Ohio, 445; *Herrick v. Johnson,* 11 Met. 26, 37–41; *People v. Breyfogle,* 17 Cal. 504.

For the respondent there was a brief by *J. A. Murphy* and *H. W. Chynoweth,* and oral argument by *Mr. Chynoweth.* To the point that the sureties were bound, they cited *State v. Bowman,* 10 Ohio, 445; *Trustees v. Sheick,* 119 Ill. 579; *Parker v. Bradley,* 2 Hill, 584; *Loew's Adm'rs v. Stocker,* 68 Pa. St. 226; *Keyser v. Keen,* 17 id. 327; *Grim v. School Directors,* 51 id. 219; *Herrick v. Johnson,* 11 Met. 26; *Haskins v. Lombard,* 16 Me. 142; *Miller v. Tunis,* 10 U. C. C. P. 423; *Smith v. Peoria Co.* 59 Ill. 414; *Williams v. Marshall,* 42 Barb. 524; *Wild-Cat Branch v. Ball,* 45 Ind. 213; *McLaughlin v. McGovern,* 34 Barb. 208; *Chase v. Hathorn,* 61 Me. 505; Murfee, Off. Bonds, §§ 62, 235; *Cutter v. Whittemore,* 10 Mass. 442; *Los Angeles v. Mellus,* 59 Cal. 444; *Cooper v. Evans,* 15 Wkly. Rep. 609; *Mann v. Ætna Ins. Co.* 40 Wis. 549; *Moss v. Wilson,* 40 Cal. 169; *Lewis v. Stout,* 22 Wis. 234.

LYON, J.  The demurrers are rested solely upon the proposition that the failure of the county treasurer to execute the bond of January, 1887, renders the same void. This is in effect a concession that, had he executed the same, it would have been a valid obligation.  That it would have been valid as a statutory or common-law obligation, had it been executed by the treasurer, cannot be doubted. It is practically conceded by the learned counsel for the appellants that if the bond is a joint and several obligation, it is valid, although the principal named therein failed to execute it.  This concession is supported by the great weight of authority, both here and in England.  It seems to be quite well settled that the failure of the principal to execute a joint and several bond does not invalidate the same as to a surety, unless there was an express agreement that the bond should not be valid until so executed. No such agreement is claimed in this case.  *Taylor v. Coon,* *ante,* p. 76, was an action on an obligation not executed by all the persons named therein as obligors.  It was argued that the instrument was incomplete for that reason, and could not be upheld against an obligor executing the bond until all such persons had executed it, unless he consented to dispense with their signatures.  And further, that unless such consent is averred in the complaint the same is demurrable.  The opinion contains an intimation that probably this is a correct view of the law.  In the light of our further investigation of the subject in this case we are constrained to withdraw such intimation.  There is a point of difference in the two cases, however, which should be noted.  In that case the persons whose signatures were wanting from the instrument were not bound for the payment of the debts mentioned therein, while in this case the principal is liable for his default, and his signature to the bond in question would not have increased or changed his liability to the sureties therein.  The con-

sequences of such difference, as affecting the validity of the respective instruments, need not be determined here.

Counsel maintain, however, that while the bond in suit is several as between the sureties, it is joint, and not several, as between the principal and each surety who executed it. Were this a correct proposition, some of the cases cited by him would be in point, for they seem to hold that a joint, and not several, bond is inoperative without the signature of the principal, and cannot be enforced against the sureties. But we think the proposition is incorrect. It is refuted by the terms of the instrument, which declares that the parties named in it as obligors, including the principal, " are each severally held and firmly bound unto the county of *Douglas,*" etc., and that they so bind themselves, their heirs, etc., " severally and firmly by these presents," etc. We do not perceive how the several obligation of each party named as an obligor could have been more clearly and strongly expressed. See *Taylor v. Coon, supra.* It must be held, therefore, that under the allegations of the complaint the bond in suit is a valid obligation against the sureties who executed it, and each of them, although the principal did not join in its execution.

The case was fully and ably argued by counsel, and numerous authorities cited in support of their respective positions. These citations will be preserved in the report. While there may be some conflict in the cases, it is believed that the great weight of authority, as well as the better reasons, support the decision of the circuit court.

*By the Court.*— The order overruling the demurrer to the complaint is affirmed.