COCKRILL, RESPONDENT, *v.* DAVIE ET AL., APPEL-
LANTS.

[Submitted February 23, 1893. Decided February 19, 1894.]

BUILDING CONTRACT—*Construction.*—An agreement in a building contract to
"provide and furnish all material and to do all labor" is not fulfilled unless
the material and labor are paid for by the contractor.

SURETIES—*Liability—Failure of principal to sign.*—Sureties upon a bond cannot
escape liability upon the ground that their principal did not sign it as it was
understood he should, where the liability of such principal is already fixed by
contract or by operation of law. (*Wibaux* v. *Grinnell Live Stock Co.*, 9 Mont.
154; *Hoskins* v. *White*, 13 Mont. 70; *Woodman* v. *Calkins*, 13 Mont. 363.)

SAME—*Failure of principal to sign—Delivery.*—In an action against a surety on a
bond which the principal failed to sign, the plaintiff is not obliged to show an
express understanding by the surety that the bond should be delivered and
have effect without the principal's signature, where the principal's liability is
already fixed by another contract.

SAME—*Judgment—Appeal.*—In an action against two sureties on a bond where the
action was erroneously dismissed as to one, this court will, on an appeal by the
surety against whom judgment was rendered, reverse the order of dismissal,
and modify the judgment, by providing that it shall not determine the right of
the appellant to enforce contribution of his cosurety, and that the case may
be opened at the instance of either the plaintiff or appellant to determine such
cosurety's liability on the bond.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION on bond. The cause was tried before BENTON, J.
Plaintiff had judgment below. Modified and affirmed.

*Thomas E. Brady,* and *A. J. Shores,* for Appellants.

There is a great diversity of judicial opinion as to whether
an action can be maintained against the sureties upon a bond
where the principal has failed to sign. In the case of *Ney* v.
*Orr,* 2 Mont. 559, this court held that a bond unsigned by the
principal whose name appeared in the body of the instrument as
such was an incomplete instrument. The following decisions
are to the same effect: *Bunn* v. *Jetmore,* 70 Mo. 228; 35 Am.
Rep. 425; *Sacramento* v. *Dunlap,* 14 Cal. 421; *People* v. *Hart-
ley,* 21 Cal. 585; 82 Am. Dec. 758; *Bean* v. *Parker,* 17 Mass.
604; *Wood* v. *Washburne,* 2 Pick. 24; *Sharp* v. *United States,*
4 Watts, 21; 28 Am. Dec. 676; *Fletcher* v. *Austin,* 11 Vt.
447; 34 Am. Dec. 698; *Johnson* v. *Erskine,* 9 Tex. 1; *Russell* v.
*Annable,* 109 Mass. 72; 12 Am. Rep. 665; *Cavanaugh* v.
*Casselman,* 88 Cal. 549; *Hessell* v. *Johnson,* 63 Mich. 623;

6 Am. St. Rep. 334; *Hall* v. *Parker*, 37 Mich. 590; 26 Am.
Rep. 540; *Johnson* v. *Kimball Township*, 39 Mich. 187; 33
Am. Rep. 372; *Board of Education* v. *Sweeney*, 1 S. Dak. 642;
36 Am. St. Rep. 767, and cases cited; *Ferry* v. *Burchard*, 21
Conn. 602; *Wild Cat Branch* v. *Ball*, 45 Ind. 213. Some
courts have held that while such an instrument was upon its
face incomplete, it was, notwithstanding, competent for the
obligee to show that the instrument was delivered by the sure-
ties with the intent that it should take effect without the signa-
ture of the principal. (*Cavanaugh* v. *Casselman*, 88 Cal. 549.)
There are still other cases holding that the obligation is a valid
one, and may be enforced, and that it is immaterial whether
the sureties intended that the principal should sign or not.
(*Kurtz* v. *Forquer*, 94 Cal. 91; *Douglas County* v. *Bardon*, 79
Wis. 641.) For fifteen years contracts have been controlled
by the decision in *Nye* v. *Orr*, 2 Mont. 559, and when the
sureties in this case affixed their names to this instrument, they
had the right to rely upon this long established doctrine of
the law that there could be no liability resting upon them
unless and until the instrument was executed by Davie. This
unquestionably established the law of the state at the time
when Renner and Cornelius affixed their signatures to this
bond. It is the law of the state to-day. It is difficult to dis-
tinguish between the binding force of a rule of law established
by judicial decision and long acquiesced in and a rule embodied
in a legislative enactment. It has frequently been held that a
change in the interpretation of a statute will affect only sub-
sequent contracts. (*Louisiana* v. *Pillsbury*, 105 U. S. 294;
*Douglass* v. *Pike County*, 101 U. S. 686.)

*Leslie & Downing*, for Respondent.

The bond sued on in this action is joint and several. Any
or all of the sureties might be included in the action at the
option of the plaintiff where several persons are named in the
body of an instrument as parties thereto. It is not necessarily
invalid as against those who have signed it because others
named have not signed. (*Kurtz* v. *Forquer*, 94 Cal. 91; *People*
v. *Love*, 25 Cal. 523; *People* v. *Evans*, 29 Cal. 436; *People* v.
*Stacy*, 74 Cal. 373; *Mendocino County* v. *Morris*, 32 Cal. 148;

*Wibaux* v. *Grinnell Livestock Co.,* 9 Mont. 154.) The case of *Nye* v. *Orr,* 2 Mont. 559, is not similar to the case at bar. In that case, aside from the fact that it was an appeal bond, at the trial the sureties offered evidence showing that the bond was delivered by them to the probate judge, with directions not to file the same until one Kay signed. That the judge promised so to do, but filed the bond without Kay's signature, and that the sureties did not know it was filed until the appeal had been determined. The court very properly held that the evidence of this should have been admitted, and the sureties not liable. When part only of those mentioned in a joint and several bond executed, those who did execute it will be bound, unless they signed upon condition that they were not to be bound unless the other sureties named therein also sign, and unless this condition is brought to a knowledge of the obligee. (*Douglas County* v. *Bardon,* 79 Wis. 641; *Kurtz* v. *Forquer,* 94 Cal. 91; *People* v. *Stacey,* 74 Cal. 374; *City of Los Angeles* v. *Mellus,* 59 Cal. 444; *People* v. *Love,* 25 Cal. 521; *People* v. *Evans,* 29 Cal. 430; *Whitaker* v. *Richards,* 134 Pa. St. 191; 19 Am. St. Rep. 684; *Bollman* v. *Pasewalk,* 22 Neb. 761; *State* v. *Bowman,* 10 Ohio, 445; *Gibbs* v. *Johnson,* 63 Mich. 671; *Goodyear Dental etc. Co.* v. *Bacon,* 148 Mass. 542; *Trustees etc.* v. *Sheik,* 119 Ill. 579; 59 Am. Rep. 830; *Parker* v. *Bradley,* 2 Hill, 584; *Loew* v. *Stocker,* 68 Pa. St. 226; *Keyser* v. *Keen,* 17 Pa. St. 327; *Grim* v. *School Directors,* 51 Pa. St. 219; *Haskins* v. *Lombard,* 16 Me. 142; 33 Am. Dec. 645; *Smith* v. *Peoria County,* 59 Ill. 414; *Herrick* v. *Johnson,* 11 Met. 34; *State* v. *Peck,* 53 Me. 284.)

*Preston H. Leslie,* also for Respondent.

HARWOOD, J.—It appears that plaintiff entered into a contract, evidenced by writing, with defendant Davie, whereby the latter agreed, for a certain consideration to "provide and furnish all material, and do all labor necessary to the erection and completion of a two-story frame dwelling-house" for plaintiff, according to certain plans and specifications, made part of the contract. To guaranty the fulfillment of that contract, a bond was executed by defendants Renner and Cornelius, and

delivered to plaintiff, in the sum of two thousand five hundred dollars, referring to said contract, and conditioned that "if the said Davie shall well and truly furnish said material, and construct said house, as per said contract, and in all things fully do and perform his part of said contract, constructing said house within the time specified, according to said plans and changes in the designs as said Cockrill may demand of him, then the above obligation is to be void; otherwise, to remain in full force and virtue." The building appears to have been constructed by Davie, and plaintiff paid him a considerable portion of the contract price therefor; but Davie failed to pay for certain labor and materials which he procured and used in the construction thereof, by reason of which default certain liens were applied and enforced against said property, the which Cockrill was obliged to pay in order to save his property from sale, under judgment of foreclosure to satisfy such liens. Whereupon Cockrill undertook, by this action, to recover from defendants the amount he was thus compelled to pay by reason of Davie's failure to carry out said contract to furnish the material and labor for the construction of said house. Defendants Renner and Cornelius appeared, and, their demurrer to the complaint having been overruled, answered, putting in issue material allegations of the complaint, and alleging as a defense that they signed the bond upon the express understanding and arrangement between all the parties concerned that it should not be delivered or have effect without the signature of the defendant Davie. The trial resulted in judgment against Renner alone for ten hundred and eleven dollars and fifty-four cents, and he prosecutes this appeal therefrom, as well as from an order overruling his motion for new trial.

Appellant insists that the bond in question is wholly void because Davie, named therein as principal, did not sign it along with the sureties. But, after much consideration of this subject and the authorities, we cannot sustain that view. The same obligation was fixed upon Davie by another contract, and Renner and Cornelius undertook and promised, in writing, to answer for the default of Davie in respect to his engagements by virtue of that contract, which the sureties described in their bond. This bond was a collateral engraftment upon the building con-

tract, whereby these sureties took upon themselves the burden of answering for any default which Davie might make in respect to his obligation thereunder.   As to such obligations, where the liability of the principal is fixed by contract or by operation of law, the sureties who guaranty the fulfillment of that obligation cannot avoid their obligation because the principal did not sign the bond with them.   There is no reason or principal of law, or substantial right involved, which should lead to such a ruling; and the same, we think, without doubt, would be against the contemplation, understanding, and purpose of the contracting parties, because the sureties in such a case neither gain nor lose any substantial right by reason of the principal signing, or omitting to sign, such undertaking, which he procured on his behalf.   On the other hand, under a different species of bond, where the principal was bound only by virtue of his executing the bond, a different ruling would be applicable on such a defense.   We think sufficient has been said on this point in *Wibaux* v. *Grinnell Live Stock Co.*, 9 Mont. 154; *Hoskins* v. *White*, 13 Mont. 70; *Woodman* v. *Calkins*, 13 Mont. 363.

Appellant further contends that, because there was no provision in the building contract specially requiring Davie to pay for the labor and material put into the construction of the building, his obligation was fulfilled by furnishing the same, and was not broken by his failure to pay therefor, and leaving the building, and also the lot on which it was erected, subject to sale to satisfy demands for said materials and labor.   This interpretation of the contract, we think, is untenable.   Parties are deemed to contract in view of the law relating to the subject of the contract.   Davie fell short of furnishing the material for the structure, as contemplated by his contract, when he merely obtained and used such material in the structure, leaving upon plaintiff the burden of paying therefor.   That was not furnishing the material and labor according to the terms of the contract, any more than one would fulfill a contract to convey a piece of land to another by making a good and sufficient deed therefor in form, while the title to the land in no manner passed by such deed.   (*Colburn* v. *Northern Pac. Ry. Co.*, 13 Mont. 476.)   It is contended that plaintiff should

have withheld payment of the installments for such building until receipted bills for all labor and material used therein were delivered to him. We find no force in this proposition, when considered in the light of the facts and the terms of the contract. According to the contract, plaintiff was required to pay certain installments as the erection of the building progressed; and, as to the last installment of upwards of eight hundred dollars, it is provided that it shall be paid "when said house is completed entire, and accepted by the party of the first part, and receipted bills for all material and labor in the construction of said house shall be furnished to said party of the first part by said second party." It appears that plaintiff did withhold payment of the last installment, and applied the same on the judgment for enforcement of said liens.

During the trial, at the close of the introduction of evidence on behalf of plaintiff, the court overruled a motion for nonsuit interposed on behalf of both defendants Renner and Cornelius, but granted a motion to dismiss the case as to defendant Cornelius, leaving the case to proceed against Renner. As we understand from the record and briefs of counsel, this ruling was made because plaintiff was unable to prove that Cornelius signed the bond with the understanding that it should be delivered and have effect without the signature of Davie, the principal named therein. In our opinion it was not necessary to show an express understanding to that effect outside of the bond. Substantially, all that proposition implies is that Cornelius admits he signed the bond, intending to be bound according to its terms, if the principal Davie was likewise bound along with him. Sufficient answer to that proposition is that, under the law and the facts, Davie is bound as principal to discharge those very same obligations which the sureties, through the bond, guaranteed he would discharge; otherwise, the sureties would not be bound for his default. For, if the principal was not bound to do the thing in question, there could be no default on his part, and hence no liability on the part of the surety; because the surety is only bound to answer for the default of the principal named in the bond in respect to those things which the principal was bound by the contract to perform. The contract is described in the bond

sufficiently to identify it, and we must go to that contract to find what Davie, the principal, was obligated to do, as well as to find what the sureties guaranteed he would do. Can any one, therefore, doubt that Davie was bound as principal, along with the sureties, to discharge the obligation before they could be asked to recompense for his default? Davie was sued in this action along with the sureties; and, if served, can any one doubt judgment would go against him, as well as the sureties, for the same damage? His liability and his default must first be shown before judgment can go against his surety.

Both parties to this appeal insist that the court erred in dismissing Cornelius, and giving judgment alone against Renner. When the case was dismissed as to Cornelius, Renner moved again for dismissal as to himself, because it clearly appeared that he refused to sign the bond unless accompanied in that obligation by Cornelius; and when Cornelius was dismissed, as defendant in the suit, because the court held there was not sufficient showing to bind him, that gave peculiar force to the showing that Renner refused to engage in said obligation unless joined therein by Cornelius.

But, while respondent's counsel claim that the court erred in dismissing Cornelius, they say they are satisfied with the judgment as it stands against Renner, and insist that appellant cannot complain of it, because the obligation sued on—that is, the bond—is a joint and several obligation. Respondent's counsel may be right in their position that, under the law and the terms of the obligation sued on, they have a right to proceed against one surety alone. But in this case they have proceeded against both sureties, and it has been adjudicated and determined in this action that the cosurety with appellant is not liable. If this determination is erroneous, as both appellant and respondent insist, and as this investigation leads us to conclude, then appellant has serious reason for complaint. The liability of his cosurety to share the burden of loss by reason of Davie's default has been removed by this adjudication; and, while such determination stands, appellant would be unable to compel contribution from his cosurety, which would not be the case if one surety had been proceeded against severally. On this point, alone, we think the court erred.

Therefore, while the judgment of the trial court entered in favor of plaintiff against Renner may properly be affirmed, it should be so modified as to provide that nothing therein, or in any proceeding of the trial court in said action, shall be construed to determine either the rights of plaintiff against defendant Cornelius or the rights of defendant Renner against said Cornelius as his cosurety on the bond sued on; that the order of nonsuit or dismissal, entered in favor of Cornelius, be reversed and set aside, and that the case may be opened for further proceedings, at the instance of either plaintiff or Renner, against defendant Cornelius, to ascertain and determine his liability therein. The order of this court will be entered accordingly.

Judgment modified and affirmed.

*Affirmed.*

PEMBERTON, C. J., concurs.