[Civil No. 502.   Filed March 9, 1896.]

[44 Pac. 297.]

PIMA COUNTY, Plaintiff and Appellant, v. MANLEY S. SNYDER et al., Defendants and Appellees.

1. OFFICE AND OFFICERS—OFFICIAL BONDS—FAILURE OF PRINCIPAL TO SIGN—SEVERAL BONDS—SURETIES—LIABILITIES — REV. STATS. ARIZ. 1887, PARS. 3078, 3081, CITED AND CONSTRUED.—Paragraph 3078, *supra,* provides that "all official bonds shall be in form joint and several," and paragraph 3081, *supra,* provides that "when the penal sum . . . amounts to more than one thousand dollars, the sureties may become severally liable for portions of not less than five hundred dollars," etc. Where ten sureties have signed an official bond under the provisions of paragraph 3081, *supra,* each becomes severally liable, and in a suit upon such bond, the liability of the prin-

cipal being fixed by law, and such principal having entered upon the duties of his office and received the emoluments thereof, and the sureties having signed the bond for the faithful performance of the duties of such office, it would be a good obligation against them, and for any default on his part they should be held, even in the absence of his signature as principal.

2. SAME—SAME—SAME—REV. STATS. ARIZ. 1887, PAR. 3079, CONSTRUED AND HELD DIRECTORY.—Paragraph 3079, *supra,* requiring the principal to sign an official bond where his liability is fixed by operation of law, is directory.

3. SAME—SAME—SIGNATURE OF PRINCIPAL — NAMED IN BOND — SUFFICIENT TO BIND SURETIES.—Where the complaint shows that the name of the principal appears in the body of an official bond, and the bond is delivered and accepted as his official bond, the same is a valid signing of the bond, notwithstanding the omission of the final signature of such officer.

4. SAME—SAME—SAME—SIGNATURE TO OATH OF OFFICE—SUFFICIENCY TO BIND SURETIES.—Where the principal omits to sign his name to an official bond, but accepts the office, and has his bond signed by his sureties, and signs his name to the oath of office annexed to the bond, this is a signing of the bond, and his sureties must be held.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Joseph D. Bethune, Judge. Reversed.

Statement of facts:—

This is an action upon the official bond of Manley S. Snyder, late tax-collector of Pima County, and his sureties. Manley S. Snyder, the principal on the face of the bond, purports to be bound in the sum of twenty-five thousand dollars, and each of the ten sureties in the sum of five thousand dollars respectively. After setting out the several amounts for which the principal and sureties severally bound themselves, these words follow: "For the payment of which well and truly to be made, we bind ourselves, our heirs, executors, and administrators, firmly by these presents." The conditions of the obligations are then set out in the bond in the usual form,— to the effect that the said Snyder was elected to the office of tax-collector, and that if he well and truly performed all of the official duties required by law, etc., the obligation should be void; otherwise, to remain in full force and virtue. It is alleged in the complaint that the bond was not signed by the

principal, Snyder, but was duly executed by all of the sureties, and duly delivered to and approved by the chairman of the board of supervisors of Pima County, and filed in the office of the county recorder, as required by law; and it is alleged that Snyder, as such tax-collector, took and subscribed the oath of office attached to and indorsed upon said bond, and entered upon the discharge of the duties of said office, the term of which expired the thirty-first day of December, 1890. It further appears from the copy of the bond set out in the complaint that the name of the principal, "Manley S. Snyder," appears in the body of said bond at least three times. It also appears, and it is alleged as a breach of the conditions of said bond, that during his term of office he collected, as tax-collector, $83,399.67 taxes, and paid over to the treasurer of the county only $79,529.67 thereof, leaving $4,070 wholly unaccounted for, and which was converted unlawfully to his own use, and was not paid to the county treasurer as required of him by law. This action was brought to recover from his bondsmen that sum. The defendants, the sureties, severally demurred to the complaint, and the demurrers were sustained; and, plaintiff refusing to amend, judgment was rendered for defendants, and appellant has brought this appeal, and assigns as errors (1) that the court erred in sustaining said demurrers and rendering judgment for defendants; and (2) in holding that no recovery could be had against defendants, the sureties upon the said bond.

William M. Lovell, District Attorney, for Appellant.

In the case of *People* v. *Hartley,* 21 Cal. 385, the supreme court of that state held that the sureties on a bond similar to the one here under consideration were not liable. But it must be remembered that the California statute did not contain the exception contained in paragraph 3078 of our statute.

The supreme court of Wisconsin, in the case of *Douglas County* v. *Brandon,* 79 Wis. 614, 48 N. W. 969, held that the sureties were liable on such a bond.

In the case of *Cockrill* v. *Davie,* 14 Mont. 131, 35 Pac. 958, the supreme court of Montana held that where the liability of a principal in a bond is fixed by contract or operation of law, his failure to sign the bond does not affect the liability of the

sureties thereon. "The fact that such treasurer did not sign the bond did not exonerate the sureties on such bond from liability thereon, he having subscribed his oath of office on the back of such bond." *Hall* v. *State,* 69 Miss. 529, 13 South. 38.

Where an officer writes his name in the body of an instrument which is delivered and accepted as his official bond, the same is valid as such, notwithstanding the omission of his final signature." *McLeod* v. *State,* 69 Miss. 221, 13 South. 268.

"The failure of the principal to sign a bond, as he had promised his sureties he would do, before delivering the bond to the obligee, will not make the delivery to him a conditional one, and the sureties are liable." *School Trustees* v. *Sheik,* 119 Ill. 579, 57 Am. Rep. 830, 8 N. E. 189. See, also, *State* v. *Bowman,* 10 Ohio, 445, and *United States,* v. *Line,* 13 Pet. 290.

Charles Weston Wright, for Appellees.

HAWKINS, J. (after stating facts).—About the only question in this case is, Did the court below err in holding that, because the name of Snyder was not signed to said bond, the sureties were not bound thereon? Paragraph 3078 of the Revised Statutes provides that "all official bonds shall be in form joint and several, except as hereinafter provided, and payable to the territory of Arizona." Paragraph 3079 of the Revised Statutes: ". . . Such bond must be signed by the principal and at least two sureties." The penal sum of the bond in this action is twenty-five thousand dollars. Paragraph 2665 of the Revised Statutes: "Before entering upon his duties, the tax-collector shall execute to the territory of Arizona a bond in such penal sum as the board of supervisors of the county may require, with two or more sufficient sureties to be approved by said board, and conditioned that he shall faithfully perform all the duties of his office as required by law. . . ." It is presumed that under this paragraph the amount of the penalty of the bond was required at twenty-five thousand dollars. This, upon such tax-collector entering upon the duties of his office, fixed his liability; and paragraph 3081 of the Revised Statutes provides: "When the penal sum of any bond required to be given amounts to more than one thousand dollars, the sureties may become sev-

erally liable for portions of not less than five hundred dollars thereof, making in the aggregate at least two sureties for the whole penal sum. And if any such bond becomes forfeited an action may be brought thereon against all or any of the obligors, and judgment entered against them, either jointly or severally, as they may be liable. . . ."

The ten sureties signing the bond for five thousand dollars each made the aggregate of the bond at least two sureties for the whole penal sum, and became severally liable, under paragraph 3081, just given, for five thousand dollars each. Hence, under the instrument sued on, the liability of the principal being fixed by law, and such principal having entered upon the duties of the office and received the emoluments thereof, and the sureties having signed the bond for the faithful performance of the duties of such office, it would be a good obligation against them, and for any default upon his part they should be held. See *Cockrill* v. *Davie*, 14 Mont. 131, 35 Pac. 958, wherein Mr. Justice Harwood says, "As to such obligations, where the liability of the principal is fixed by contract, or by operation of law, the sureties who guaranty the fulfillment of that obligation cannot avoid their obligation because the principal did not sign the bond with them." If the sureties had lost any legal right because of the principal's failure to sign his name to the bond, then there might have been some reason for the demurrer to have been sustained. The principal's liability was fixed by operation of law, and the sureties severally obligated themselves in the sum of five thousand dollars that said principal would perform the covenants set out in such bond. He could be made a party to the suit; a recovery could be had against him; so we cannot see how this case could fall within that class of actions where the liability of both principal and sureties arise from, or is founded upon, the instrument alone. The case of *People* v. *Hartley*, 21 Cal. 585, 82 Am. Dec. 758, so strongly relied upon by appellee, is held to be a joint bond, and the signature of the principal therefore essential to the validity and binding force upon the sureties. Our statute (Rev. Stats., par. 3078) is different from that of the Political Code of California (sec. 958). Paragraph 3081, *supra,* expressly provides that "an action may be brought thereon against all or any of the obligors, and judgment en-

tered against them, either jointly or severally; . . .'' thus clearly making the bond in this case a several obligation. Paragraph 3079 of the Revised Statutes, requiring the principal to sign the bond where his liability is fixed by operation of law, is directory.

The complaint also shows that the name of the principal appears in the body of the bond. If an officer writes his name in the body of the bond, which is delivered and accepted as his official bond, the same is a valid signing of the bond, notwithstanding the omission of final signature of such officer. *McLeod* v. *State,* 69 Miss. 221, 13 South. 268; *State* v. *Bowman,* 10 Ohio, 445. In *State* v. *Bowman, supra,* it is distinctly held by the supreme court of Ohio that when in a county treasurer's bond the name of the treasurer was recited as principal, but he neither signed nor sealed the bond, it was a good common-law bond, and that the sureties were liable. This is upon the doctrine that a contract signed and entered into for a lawful purpose, and founded upon sufficient consideration, is a valid contract at common law. *United States* v. *Linn,* 15 Pet. 290.

It is further alleged in the complaint that the principal took and subscribed the oath of office attached to and indorsed upon said bond, and afterwards entered upon the duties of said office. Where the principal omits to sign his name to a bond, but accepts the office, and has his bond signed by his sureties, and signs his name to the oath of office annexed to the bond, this is a signing of the bond, and the sureties must be held. *Hall* v. *State,* 69 Miss. 529, 13 South. 38.

Under any view of the case as stated we are of the opinion that the complaint states a good cause of action. The only proper construction of the language of the bond sued on in this case, in connection with paragraphs 3078 and 3081 of the Revised Statutes, is, that each of the sureties is bound and intended to bind himself severally; and if the facts of the complaint are true, which the demurrers admit, they are severally liable. Judgment reversed, with direction to the court below to overrule the demurrer.

Baker, C. J., and Rouse, J., concur.