ADAMS COMPANY as WASMAR FRUIT COMPANY, Respondent, v. NESBIT et al. Appellants.

(159 N. W. 869.)

(File No. 3891.   Opinion filed November 13, 1916.   Rehearing denied January 6, 1917.)

1. **Appeals—Pleadings—Misjoinder, Point Not Raised Below—No Specification, Effect.**

    The objection of misjoinder of causes of action in a complaint, not raised in trial court, and no assignment of error involving the point being found in the appeal record, will not be considered by Supreme Court on appeal.

2. **Indemnity—Surety Bond, Not Executed by Principal, Whether Binding on Surety?**

    An indemnity bond, issued by a surety company, but unexecuted by the principal named in the bond, was binding upon the surety company, where the principal was liable without reference to the bond, and which by its terms was a several bond, and was delivered by the surety company to the beneficiary without procuring the principal's signature; especially since there had been bonds for previous years furnished by the surety company, none of which contained the principal's signature.

3. **Same—Fidelity Bond—Defense That Employee was Partner, When Untenable.**

    The defense by a surety company, under an indemnity bond indemnifying a mercantile concern against loss by reason of fraud or dishonesty of its "employee," that during a portion of the time in question the employee was a partner of the employer, is unavailing; it appearing that he remained an employee, though he agreed to bestow his time and services, as against capital furnished by his employer, the profits to be divided after allowing certain expenses.

4. **Same—Fidelity Bond, Right to Recover—Mercantile Employee— Employer's Examination of Books, Necessity for.**

    In a suit upon an indemnity bond in favor of an employer, indemnifying it against loss by reason of the fraud or dishonesty of its employee, which bond provided that the obligee

shall, as a condition to the surety liability, make certain monthly examinations and checking up of books kept by or under the control of the employee during the period covered by the bond, **held,** that compliance with said conditions was essential to fixing of liability against the Surety Company; which provisions will be upheld by the courts; it not being the province of the court to make new contracts for parties, or to relieve them from provisions of such after having been properly entered into.

5.  **Indemnity—Fidelity Bond—Provision for Examination of Books, Whether a Condition Precedent to Liability?—Burden of Proof—Sufficiency of Examination.**

A provision in a contract of indemnity by a surety company, against loss by reason of the fraud or dishonesty of the beneficiary's employee, that the surety shall not be liable for any default of the employee "unless the books and accounts * * * shall have been examined and checked up at specified periods from month to month," constituted a condition precedent to recovery upon the bond, and the burden of proof was on the employee to prove compliance therewith. **Held,** further, that an examination of purported copies of such books and accounts furnished by the employee was not a compliance with the contract.

Appeal from Circuit Court, Pennington County.    Hon. Levi McGee, Judge.

Action by Adams Company, doing business as Wasmer Fruit Company, against Claire A. Nesbit and Western Surety Company, to recover, against Nesbit, the amount of certain misappropriations of plaintiff's funds handled by him as employee, and to recover against said Surety Company upon its indemnity bond in favor of plaintiff.    From a judgment in favor of plaintiff upon directed verdict, and from an order denying a new trial, defendant, Western Surety Company, appeals.    Judgment and order reversed as to Western Surety Company.

*Kirby & Kirby,* for Appellants.

*Martin & Mason,* for Respondent.

(1)    To point one of the opinion, Appellant cited: Board of Education v. Sweeney, 1 S. Dak. 642; City of Sacramento v. Dunlap, 14 Calif. 421; Johnson v. Kimball Twp., 39 Mich. 187; 390, C. C. P.; North St. Louis B. & L. Assoc. v. Obert et al, 69 S. W. 1044.

Repondent cited: U. S. Fidelity Co. v. Hagerty, 163 Fed. Rep. 801 (CCA. 8th) ; Prosser Co. v. U. S. Fid. Co., 132 Pac.

48 Wash; Empire State Surety Co. v. County, 194 Fed. Rep. 597-8.

(2) To point two of the opinions, Appellant cited: State v. Reddick, 2 S. D. 124; Civ. Code, Sec. 1729, 1723; McPherson, v. Swift, 22 S. D. 165.

Respondent cited: 30 Cyc. 362, 376, 380; Bancroft v. Hambly 94 Fed. 975.

(3) To point three of the opinion, Appellant cited: DeJernette v. Fidelity & Casualty Co., 33 S. W. 82, 88; Fanning v. London Gau. & Acdt. Co., 10 Vic. L. R. 8; Frost Guaranty Insurance Sec. 107.

Respondent cited: Southern Surety Co. v. Tyler 120 Pac. 936, Okla.; Prosser Co. v. U. S. Fid & G. Co., 132 Pac. 48 Wash.; U. S. Fid & G. Co. v. Bank, 84 N. E. Rep. 670 Ill.

(4) To point four of the opinion, Respondent cited: Title Guaranty Co. v. Nichols, 224 U. S. 346, S. C. 56 Law Ed. 795; Jones v. Mutual Ass'n. (Ia.) 61 N. W. 486.

WHITING, J. Defendant surety company entered into a written contract, whereby it purported to indemnify the Wasmer Fruit Company against any loss it might suffer by reason of the fraud or dishonesty of defendant Nesbit while said Nesbit was serving the fruit company as its cashier and manager. The bond in its body, purported to be the several bond of Nesbit as principal and the surety company as surety, but was executed by the surety company only. Alleging that defendant Nesbit had misappropriated some $2,447.85 of its moneys, the plaintiff sought recovery against Nesbit for the amount of such appropriation and against the surety company, upon the bond, for the amount named in such bond, $2,000. Verdict was directed in favor of plaintiff for $1,891.85. From the judgement on such verdict and from an order denying a new trial, this appeal was taken by the surety company.

[1] Appellant contends that there was a failure of proof under the complaint; that the complaint pleaded a joint and several cause of action against Nesbit as principal and appellant as surety, while the evidence established, if anything, a cause of action on tort against Nesbit and a cause of action on the surety bond against appellant; that if these two causes of action had been pleaded, appellant could have attacked the complaint by de-

murrer. It is sufficient to note that these two causes of action were pleaded, and the complaint was not attacked by demurrer. Furthermore, the question urged for our consideration is not presented by any assignment of error, nor was it presented to the trial court by any proper specification.

[2] Appellant contends that, owing to the fact that Nesbit had not signed the bond, such bond never became operative. As before noted, the bond was by its terms a several bond. Nesbit was liable without reference to the bond. The bond was delivered to respondent by appellant without first procuring Nesbit's signature. There had been bonds for previous years furnished by appellant, none of which had Nesbit's signature. Under the circumstances the bond was binding upon appellant. U. S. Fid. & Gua. Co. v. Haggart, 163 Fed. 801, 91 C. C. A. 289, and numerous cases cited therein.

[3] Appellant contends that its undertaking was to protect respondent against the defalcations of Nesbit while an employee of respondent, but that Nesbit ceased to be an employee and, during the greater portion of the year covered by the bond, was a partner of respondent in the business under his charge. There is no merit to this contention. Nesbit remained but an employee though the method of fixing a portion of his compensation was changed.

[4] Appellant moved for a directed verdict upon the ground that respondent had not complied with the conditions of the bond in the matter of the monthly examination of the books kept by or under the control of Nesbit. In this contention we are of the opinion that appellant is in the right. If one of the provisions of such a bond is that the obligee shall, as a condition to the surety's liability, make certain examination of books, there can be no liability where such condition is not complied with. Where parties enter into contracts containing such provisions, and the terms thereof are clear and explicit, such provisions must be upheld by the courts. It is not the province of the court to make new contracts for parties or to relieve them from the provisions of such as have been properly entered into. As stated by the court in National Surety Co. v. Long, 125 Fed. 887, 60 C. C. A. 623:

"The all-sufficient, the conclusive, answer to the suggestion that the subject of the warranty or of the condition precedent is

inmaterial, and its breach without effect, is that the parties had the right to agree and they have contracted otherwise. The immaterially of a warranty or of a condition precedent made by the agreement of the parties, and the innocuousness of a failure to perform it, do not nullify or mitigate the fatal effect of the failure prescribed by their contract."

[5] Was the condition in question a condition precedent? If so, the burden was on respondent to prove compliance therewith. If not, the burden to prove noncompliance was on appellant. The bond provided:

"Provided, however, that the second party shall in no instance be liable for any default of the aforesaid first party unless his books and accounts with and for said third party shall have been examined and checked up not later than the 18th day of each and every month commencing with next month after this date, which said examination shall be made by some officer, agent or representative of the said third party and without expense to this second party."

It seems clear that by express language the condition contained in this paragraph was made a condition precedent. There could be no liability until the books and accounts had "been examined and checked up," which examination and checking must take place each month prior to the 18th day thereof. There is no evidence that such books and accounts were examined and checked up each month and at the time agreed. An examination of purported copies of such books and accounts was made monthly. That was no compliance with the contract. To examine copies furnished by Nesbit left an open door for the concealing of the true status of the books and accounts. The books and accounts themselves were examined. When is not shown. Sometimes they were examined every two weeks, sometimes not for a period of five or six weeks. Of course examinations made in compliance with the contract may not have led to any earlier discovery of Nesbit's defalcations, but it was not incumbent on appellant to show that it would. Respondent saw fit to accept this bond with this provision therein. It devolved on it to comply with its terms.

As there must be another trial of this cause, we deem it best to note that there was included within the verdict directed by

the court $400, which was not embezzled until some two weeks after the termination of the year covered by the bond.

The judgment and order appealed from are reversed as to the appellant Western Surety Company.