ONIDA INDEPENDENT SCHOOL DIST. NO. 1, Respondent,
v. GROTH et al, Appellants.

(221 N. W. 49.)

(File No. 6336. Opinion filed September 22, 1928.)

*Cherry, Davenport & Braithwaite,* of Sioux Falls, and *C. J. Crandall, Jr.,* of Onida, for Appellants.

*Martens & Goldsmith,* of Pierre, for Respondent.

MORIARTY, C. This action was begun by Onida independent school district to recover from the defendants the sum of $3,439.27. The complaint alleges the facts as follows:

In June, 1923, the defendant A. C. Groth was duly elected to the office of treasurer of the plaintiff district. In August, 1923, Groth qualified as treasurer and assumed the duties of that office, and continued to occupy said office until May 23, 1924, when he resigned. In qualifying for said office, Groth filed a bond in the sum of $8,000, conditioned upon his due performance of the duties of the office of treasurer, and his accounting for all money of the district coming into his hands. This bond was signed by the defendant National Surety Company as surety and is a joint and several bond.

During all the times that Groth held the aforesaid office of treasurer, and for several years prior to that time, he was the assistant cashier and one of the managing officers of the First National Bank of Onida. On February 9, 1924, said bank passed into the hands of the Comptroller of the Currency as an insolvent bank. At the time said bank was so taken over for liquidation, $3,439.27 of the funds of the plaintiff district remained on deposit in said bank. During all the time that Groth had charge of the funds of the district by virtue of his office of treasurer, his position as a managing officer of said bank charged him with notice of the financial condition of the bank. For a long period of time prior to February 9, 1924, the said First National Bank of Onida was insolvent, and defendant Groth was charged with knowledge that said bank was in an insecure and failing financial condition, and that the funds of the plaintiff district were liable to be lost, if allowed to remain on deposit therein.

During all of said time there was another bank in the city of Onida, which bank then was and still is in a secure and solvent financial condition. But, notwithstanding these facts and his knowledge thereof, Groth allowed the funds of the district to remain on deposit in the bank of which he was a managing officer, and to be lost by reason of the insolvency of said last-mentioned bank.

The case was tried to the court, without a jury, and the trial court found the facts to be as alleged in the complaint, and entered judgment in favor of the plaintiff district for the full amount of its

claim. From this judgment, and an order denying a new trial, both defendants appeal.

Appellants' brief presents numerous assignments of error, most of which may be deemed abandoned, because not argued. We deem it necessary to mention only three of the points raised by the appeal, to wit:

■ Counsel contend that the trial court committed numerous errors in its rulings on the admission and rejection of evidence. An examination of the record satisfies us that, under the rules applied to the admission of evidence in trials to the court, there is no reversible error in such rulings shown by the record in the instant case.

■ Appellants' most serious contention seems to be based upon the fact that the bond filed by or on behalf of Groth recites that it is the bond of Groth, as principal, and the National Surety Company as surety, and that the bond was never signed or acknowledged by Groth, and that because of Groth's failure to execute the bond it is incomplete and invalid, and never became binding upon the surety company.

In support of this contention the appellant cites, and relies upon, the decision of this court in Board of Education v. Sweeney et al, 1 S. D. 642, 48 N. W. 302, 36 Am. St. Rep. 767. It must be admitted that the decision in that case holds that the failure of the principal to sign renders a joint and several bond of a public officer void as against the sureties. But there are several distinct reasons why we think that the holding in the Sweeney Case should not control in the instant case.

In the decision in the Sweeney Case, Judge Corson says that "the authorities upon this question are irreconcilably conflicting," but we are satisfied that, since the handing down of that decision, the great weight of modern authority is in favor of the rule contrary to that adopted by Judge Corson. This court in the case of Adams Co. v. Nesbit, 38 S. D. 6, 159 N. W. 869, was considering the validity of a bond not signed by the principal, and held that this did not prevent the bond from binding the surety. Board v. Sweeney was cited in the briefs in the Adams Co. Case, but was not referred to in the decision. It is true that the court held, in the Adams Company Case, that the surety was released upon other grounds, and the question of the principal's failure to sign was not

decisive of the case, but the point was fully briefed and argued, and the opinion places this court in line with the weight of authority.

In the decision in U. S. F. & G. Co. v. Haggart (C. C. A.) 163 F. 801, cited by this court in the Adams Company Case, supra, the federal court says:

"We think the proper rule of law to be, in all cases where the principal in a bond would be liable without reference to the bond for the acts constituting the breach, and by the terms of such bond the parties bind themselves severally as well as jointly to perform its conditions, the failure of the principal to sign the bond does not render the bond void as to the surety, and release the surety from liability thereon"—citing St. L. Brewing Ass'n v. Hayes, 97 F. 859, 38 C. C. A. 449; State v. Bowman, 10 Ohio, 445; City of Deering v. Moore, 86 Me. 181, 29 A. 988, 41 Am. St. Rep. 534; Lovejoy v. Isbell, 70 Conn. 557, 40 A. 531; Pima County v. Snyder, 5 Ariz. 45, 44 P. 297; Douglas County v. Bardon, 79 Wis. 641, 48 N. W. 969.

 Although Judge Corson's language in Board v. Sweeney is so broad as to justify counsel in citing it as supporting their contention in the instant case, there is a clear distinction between the facts in the Sweeney Case and in the instant case. The sureties in the Sweeney Case were personal sureties, and may be presumed to have signed gratuitously. In the case now before the court the defendant National Surety Company prepared the bond and executed it for a money consideration. The courts are practically unanimous in holding that sureties of this class are not entitled to the strict construction of their bonds which this court applied for personal sureties in the Sweeney Case.

Appellants' counsel cite cases decided by the Supreme Court of Minnesota as supporting their contention that Groth's failure to sign the bond relieves the surety from liability. But the Minnesota court states quite fully and clearly the effect of the distinction which we are discussing. In Standard Salt & Cement Co. v. National Surety Co., 134 Minn. 121, 158 N. W. 802, the court, speaking of sureties, says:

"They are favorites of the law. * * * The rule of strictissimi juris is applied in their favor, and largely the reason is that their undertaking is gratuitous. The defendant is a paid surety.

The coming of corporations authorized by statute to become sureties, receiving premiums for the risks they assume, brings a distinct change in the business of securing the performance of contracts. The law meets the changed business situation by the changed construction. The rule of construction applicable to the contract of a gratuitous surety, always so much the favorite of courts that every intendment is in his favor, does not apply when the surety is a paid surety. Their undertakings are in the nature of insurance contracts." Long v. American Surety Co., 23 N. D. 492, 137 N. W. 41; Streator Clay Mfg. Co. v. Henning-Vineyard Co., 176 Iowa, 297, 155 N. W. 1001; People v. Traves, 188 Mich. 345, 154 N. W. 130; Hileman & Gindt v. Faus, 178 Iowa, 644, 158 N. W. 597; Ladies of the Maccabees v. Illinois Surety Co., 196 Mich. 27, 163 N. W. 7; Lamson v. Maryland Casualty Co., 196 Iowa, 1185, 194 N. W. 70; City of Platteville v. Bailey-Marsh Co., 181 Wis. 202, 194 N. W. 171; Building Contractors' Limited Mutual Liability Co. v. Southern Surety Co., 185 Wis. 83, 200 N. W. 770; Maryland Casualty Co. v. Eagle River School District, 188 Wis. 520, 205 N. W. 926.

These considerations justify us in refusing to apply the holding in Board v. Sweeney, supra, to the issues in this case, and in following the decision in Adams Co. v. Nesbit, supra.

· The appellants further contend that Groth was not an insurer of the safety of the district's funds, and the law required him to deposit such funds in a bank within the state, and that, having done so, he is relieved from liability.

The judgment in this case rests upon a finding that Groth, with knowledge of the insecure and insolvent condition of a bank of which he was a managing officer, allowed the funds of the plaintiff district to remain on deposit in that bank until the insolvency of the bank resulted in the loss of the funds. There is substantial evidence to support that finding and we find no preponderance of evidence against it. Under such circumstances there was such bad faith or lack of diligence on Groth's part as to make him liable for the loss of the plaintiff's funds. Independent School District of Lake Andes v. Scott, 51 S. D. 187, 212 N. W. 863.

Finding no reversible error in the record, the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.