Bingaman, Appellant, *v.* Pub. Serv. Com.

Argued April 21, 1932.

Before TREXLER, P. J., GAWTHROP, CUN-
NINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Carroll Caruthers,* for appellant.

*E. Everett Mather, Jr.,* Assistant Counsel, and with him *John Fox Weiss,* Counsel, for appellee.

*Wm. Alvah Stewart, Jr.,* and with him *David I. Mc-Cahill,* for intervening appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

The complaint against the appellant, S. A. Bingaman, is that, without having first obtained a certificate of public convenience he in violation of law, is operating as a common carrier certain motor vehicles between Pittsburgh and Irwin, Jeannette, Greensburg and Latrobe and intermediate points. The appellant, Bigaman was in business prior to the Public Service Commission Act operating in the Borough of Latrobe, and so far as relates to that town he requires no certificate. Act of July 26, 1913, P. L. 1374, Article 3, Section 12. He has, however, extended the field of his operations, and about a year and a half ago began the hauling of goods between the points above mentioned. The question for us to decide is whether the testimony supports the view that in these extended operations he holds the position of a public carrier, and requires a certificate of public convenience in order to lawfully prosecute his business, or whether he can operate without it. The evidence discloses that he did a motor trucking

business, picking up goods at certain mercantile establishments and making deliveries en route. He, conceding this, explains that these operations were all performed in conformity with eighteen private contracts .made with various firms. These contracts are substantially uniform. They involved a compliance with a definite schedule on the part of Bingaman. They are made for one year with an option to either party to end them on 20 or 30 days' notice. Although there is no definite evidence of the appellant advertising or holding himself out as a common carrier, he admits that he would haul anybody's goods if they would sign a contract, and if approached on the subject would give the information that he was engaged in the business. There was some evidence that some merchandise was occasionally hauled and charged on the basis of the time consumed, and not under any written contract. It would seem that these acts are sufficient to constitute Bingaman a common carrier for within the limits of his operations he was available to everyone who desired his services. If he, under his present arrangement, gets a new customer his engagement with such customer is the same as with all the rest of his patrons, and is in no sense of the word a special employment merely incidental or casual to his regular business. He cannot escape the application of the Public Service Act by making a written contract with each customer. We have this day filed an opinion in Keystone Warehousing Co. v. The Public Service Commission, 105 Pa. Superior Ct. 267, in which following our decision in Erb v. The Public Service Commission, 93 Pa. Superior Ct. 421, we have held that in a case closely resembling the present, the presence of a contract with each customer should not be a controlling factor in the determination of the question as to whether the person or corporation is a common carrier for "contracts express or implied are an incident to nearly every form

of transportation whether by common or private carriage." We can add nothing of profit to what our Brother CUNNINGHAM has stated in this connection in the Erb case supra.

The appellant objects to the fact that the commission has certified to the Secretary of Revenue for suspension of registration appellant's truck for the reason that it was used in common carriage without the company operating it having obtained the approval of the commission. This action was purely administerial under the Act of May 8, 1929, P. L. 1647, Section 1. It would seem that the effort to remedy this wrong, if wrong it be, should be directed against the Secretary of Revenue who suspended the registration, not against the Public Service Commission who merely certified to the illegal operation of the truck.

The order of the Public Service Commission is approved. Appellant to pay the costs.