## Masgai, Appellant, *v.* Public Service Commission et al.

Argued October 12, 1936.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Mark E. Lefever,* with him *Conlen, LaBrum & Beechwood,* for appellant.

*Harry H. Frank,* with him *John C. Kelley, Samuel Graff Miller* and *Richard J. Beamish,* for appellee.

*A. Bernard Hirsch,* for intervening appellee.

OPINION BY JAMES, J., December 17, 1936:

On complaint of a holder of a certificate of public convenience, alleging that Paul Masgai was engaged in the transportation of stone, sand, gravel and such other articles as are usually transported by dump trucks, the Public Service Commission, after hearing, made an order directing him to pay the sum of $50 to the state treasurer and desist from transporting property as a common carrier between points in Pennsylvania. From the order, he took this appeal.

On July 10, 1933, appellant was granted a certificate of public convenience authorizing him to operate four trucks for transportation as a common carrier in the City of Philadelphia with the right to transport sand, gravel and cement to points within ten miles of the city limits. For failing to comply with certain requirements of the commission, his certificate was cancelled on May 1, 1934. Later, upon complaint being entered that he had continued operating as a common carrier, appellant requested that his certificate be reinstated, and was advised it was necessary that a new application be filed. On September 8, 1934, he filed his application for the right to transport excavated materials and road and building construction materials, such as are usually transported in dump trucks, in Philadelphia and within a radius of ten miles. On March 5, 1935, the commission sustained a complaint against appellant finding that he was engaged as a common carrier and at the same time refused his application for a certificate. The present complaint was filed on April 4, 1935, later amended, in which specific instances of the violation of the desist order were cited. The hearings before the examiner were concluded on June 24, 1935, the testimony being confined to appellant's activities subsequent to March 5, 1935, the date of the

desist order. Appellant admitted that the conduct of his business had not changed in any way since the filing of his petition for the certificate. It might be conceded that as to some of the haulage, such as hauling from barges on the Delaware River and the transportation from Philadelphia to Camden, N. J., and vice versa, appellant was engaged in interstate commerce and not subject to the control of the Public Service Commission. But this transportation, taken in connection with the specific instances of the use of his trucks for hauling for the Liberty Corporation, for the L. W. D. works in the Navy Yard, and appellant's proposal for the hiring of his trucks for hauling asphalt, surface binding mixtures and bituminous concrete for the City of Philadelphia, was clearly sufficient to establish that appellant had violated the orders of the commission.

Appellant argues that he is not a common carrier and, therefore, the Public Service Commission had no jurisdiction over the hauling done by his trucks. Section 1, article 1, of the Public Service Company Law, Act of July 26, 1913, P. L. 1374, provides: "The term 'Common Carrier,' as used in this act, includes any and all common carriers......engaged for profit in the conveyance of...... property ...... between points within this Commonwealth......" The distinction between a common carrier and a private carrier has been comprehensively discussed by this court in *Dairymen's Co-operative Sales Assn. v. P. S. C.,* 115 Pa. Superior Ct. 100, 174 A. 826; *Brink's Express Co. v. P. S. C.,* 117 Pa. Superior Ct. 268, 178 A. 346; *Klawansky v. P. S. C.,* 123 Pa. Superior Ct. 375, 187 A. 248. In *Brink's Express Co. v. P. S. C.,* supra, Judge STADTFELD cited with approval the rule that is found in 51 C. J. 5, as follows: "(Sec. 2 B.) 'The test is, therefore, whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or

service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. The public or private character of the enterprise does not depend, however, upon the number of persons by whom it is used, but upon whether or not it is open to the use and service of all members of the public who may require it, to the extent of its capacity; and the fact that only a limited number of persons may have occasion to use it does not make of it a private undertaking if the public generally has a right to such use.' " Applying this test to the manner in which appellant conducted his operations, in hauling for all who apparently had need for his trucks, we are of the opinion that he was engaged as a common carrier.

Appellant takes the position that in the operation of dump trucks, because of the character of the conveyance and of the articles carried, he is not engaged as a common carrier. The Public Service Company Act makes no distinction between the means of transportation, but is all-inclusive of any means of transportation by, through, over, above or under land or water or both. Merely because the means of transportation is so constructed that it facilitates and expedites the haulage of property, it cannot be placed in a different class than those who lack the extra facilities. A dump truck differs largely from an ordinary truck in the manner of its unloading, by which its efficiency is increased. If our determination was to be in any manner influenced by the efficiency of transportation and thereby necessarily an increase in volume, we see more reason for the regulation of dump trucks than for the regulation of ordinary trucks. In its field of operation as affecting the public interest, the public is just as vitally affected as in the transportation of many other commodities as is illustrated by the increasing number of dump trucks used in the delivery of coal in the larger

communities, clearly a matter of grave public interest. The use of the dump body upon the truck solely increases its efficiency. The character of appellant's service is not affected by the fact that but a fraction of the public have need for a dump truck. Within the field of those who need this service, it is of a public character. Nor can can we accept the argument of appellant that because his dump trucks are frequently used in the haulage of garbage, ashes, cinders and other refuse to the dump or incinerator, that such materials are not property as contemplated by the common carrier section of the Public Service Company Law. Although the owner of such materials may regard them as of no value, still the right to their possession and the need for their disposal are within the control of the individual owner. All of these materials have certain valuable uses under varied circumstances, and even though the owner desires to dispose of or destroy such materials, the right of property continues until disposed of or destroyed. In performing such disposal service, appellant was clearly engaged in the business of a common carrier: *B. & O. R. R. Co. v. P. S. C.*, 68 Pa. Superior Ct. 503.

In our examination of this record, we find sufficient competent evidence to justify the action of the commission.

Order affirmed.