Marshall, Appellant, *v.* Public Service Commission.

Argued October 6, 1937.

Before KELLER,

P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*James J. Cloran,* with him *Vincent A. Carroll,* for appellant.

*Harry H. Frank,* with him *Edward Knuff* and *Samuel Graff Miller,* for appellee.

Opinion by James, J., December 17, 1937:

On January 12, 1937, after hearings, upon an investigation directed of its own motion, the Public Service Commission made an order directing Warren C. Marshall to pay the sum of $50 to the Commonwealth of Pennsylvania and to cease and desist from transporting property as a common carrier. From this order, Marshall has appealed, and the sole question for us to determine is whether the record contains sufficient evidence to justify the action of the commission in holding that appellant was engaged as a common carrier.

As the present appeal was filed prior to June 1, 1937 —the effective date of the Public Utility Law of May 28, 1937, P. L. 1053,—the legal rights of appellant must be considered under the provisions of the Public Service Company Law, Act of July 26, 1913, P. L. 1374, with its supplements and amendments.

In his history of the case, appellant admits that at the time of the hearings he was engaged in the transportation of petroleum products for seven oil com-

panies. For three of the companies, the transportation was both interstate and intrastate, and for the other four companies, interstate. In 1936, appellant voluntarily discontinued the transportation of petroleum products for two other companies, one of which was interstate and the other both interstate and intrastate. The testimony further showed that appellant had registered in the Department of Revenue, for the year 1936, the following motor vehicles: twelve International trucks, and twelve Fruehauf trailers; that he published, under the title "Warren C. Marshall, 160 E. Plumstead Ave., Lansdowne, Penna.," a schedule of rates for the transportation of petroleum and other liquid products in bulk in motor tank trucks from and to points in seven nearby states, including Pennsylvania; and that the inscription "Transportation Petroleum Products" appeared on the trucks and waybills of the appellant.

The distinction between a common carrier and a private carrier has been frequently discussed by this court, the most recent case being *Masgai v. P. S. C.*, 124 Pa. Superior Ct. 370, 188 A. 599, wherein we cited with approval the rule that is found in 51 C. J. 5, as follows: "(Sec. 2 B) The test is, therefore, whether or not such person holds himself out, expressly or impliedly, as engaged in the business of supplying his product or service to the public, as a class, or to any limited portion of it, as contradistinguished from holding himself out as serving or ready to serve only particular individuals. The public or private character of the enterprise does not depend, however, upon the number of persons by whom it is used, but upon whether or not it is open to the use and service of all members of the public who may require it, to the extent of its capacity; and the fact that only a limited number of persons may have occasion to use it does not make of it a private undertaking if the public generally has a right to such use."

Applying this rule, we have held that the refusal to haul for persons with whom a carrier is not under contract, or the refusal to transport certain people, or that he has not advertised, or that he has hauled for a limited number of persons does not definitely determine the public or private nature of the operation: *Erb v. P. S. C.,* 93 Pa. Superior Ct. 421; or that the presence of written contracts between the carrier and his customers is a controlling factor: *Bingaman v. P. S. C.,* 105 Pa. Superior Ct. 272, 161 A. 892; the real test is whether or not the enterprise is open to the use and service of all members of the public who may require it, to the extent of its capacity.

Although the intrastate transportation was confined to but three companies, it extended to all points in the state and to more than twenty towns and cities. The large number of trucks and trailers, inscribed with "Transportation Petroleum Products," used extensively by appellant in interstate and intrastate transportation, indicates quite clearly that the services offered by him were a general holding out of his willingness to serve all who applied to the limit of his capacity.

Appellant earnestly argues that the evidence, concerning the transportation that was wholly interstate, should not be considered in determining whether his business is that of a common carrier; but that our determination should be based solely on the intrastate transportation. This position is entirely too narrow, as in determining whether appellant "has invited the trade of the public" *(Klawansky v. P. S. C.,* 123 Pa. Superior Ct. 375, 187 A. 248) the commission was justified in considering both his interstate and intrastate activities: *Masgai v. P. S. C.,* supra.

In our examination of this record, we find sufficient competent evidence to justify the action of the commission.

Order affirmed.