[No. 27774.  Department One.  December 16, 1939.]

THE STATE OF WASHINGTON, *Appellant*, v. DIAMOND TANK TRANSPORT, INC., *Respondent.*[1]

*B. Gray Warner* and *Laurance A. Peters*, for appellant.

*Preston, Thorgrimson & Turner*, for respondent.

MAIN, J.—The Diamond Tank Transport, Inc., a corporation, was charged in the justice court with operating a garbage truck as a contract carrier in the city of Seattle without first having obtained a permit so to do from the state department of public service. The case was tried to the court without a jury, and resulted in a judgment of guilty and the imposition of a fine. From this judgment and sentence, the tank

[1]Reported in 97 P. (2d) 145.

company appealed to the superior court. The case was there also tried to the court without a jury and resulted in a judgment reversing the judgment of the justice court and dismissing the action. From this judgment, the state appeals.

May 27, 1938, the city of Seattle entered into a contract with the respondent to the effect that it was to collect and dispose of all garbage in the city in accordance with the plans and specifications therefor which had been prepared by the city and which were made a part of the contract. The respondent entered upon the performance of the contract and, in its performance, used a large number of trucks.

The question is whether the respondent is a contract carrier, as that term is defined in Laws of 1937, chapter 166, p. 623, Rem. Rev. Stat., Vol. 7A, § 6382-1 [P. C. § 234-13½a] *et seq.* Section 1 of that act, p. 623, Rem. Rev. Stat., Vol. 7A, § 6382-1 [P. C. § 234-13½a], among other things, provides that the business of operating as a motor carrier of freight for compensation along the highways of this state "is declared to be a business affected with a public interest." The constitutionality of the provision was held to be sustained in *Prater v. Department of Public Works,* 187 Wash. 335, 60 P. (2d) 238.

Section 2, p. 624, provides that:

"When used in this act:

"(a) The term 'person' means and includes an individual, firm, copartnership, corporation, company, association or their lessees, trustees or receivers.

. . . .

"(c) The term 'motor vehicle' means any truck, trailer, semi-trailer, tractor or any self-propelled or motor driven vehicle used upon any public highway of this state for the purpose of transporting property, but not including baggage, mail and express transported on the vehicles of auto transportation companies carrying passengers.

"(d) The term 'public highway' means every street, road or highway in this state. . . .

"(f) The term 'contract carrier' shall include all motor vehicle operators not included under the terms 'common carrier' and 'private carrier' as herein defined in paragraph (e) and paragraph (g), and further shall include any person who under special and individual contracts or agreements transports property by motor vehicle for compensation. . . ." Rem. Rev. Stat., Vol. 7A, § 6382-2 [P. C. § 234-13½b].

From these provisions, it appears that the respondent is a "person," within the definition of that term, and that it is operating a motor vehicle upon the public highways of the state, that is, the streets of the city of Seattle. It will be noted further that the term "contract carrier," as defined, includes any person who, under a special or individual contract or agreement, "transports property by motor vehicle for compensation." This definition is not modified by any other provision in the act, though it is so argued by the respondent.

The question then arises whether the garbage which the respondent contracted to collect, haul, and dispose of had a property value. The specifications, which, as stated, were a part of the contract, define "garbage" as follows:

"Garbage shall be held to mean and include all accumulations of household waste matter which has been discarded as of no further value to the owner thereof, including ashes, cinders, trade waste, lawn cuttings, grass, rags, bottles, papers, broken household furniture, small dead animals, boxes, barrels, shrubs, small trees, small limbs of trees, scraps of boards or lumber, hollow material or ware; rubbish in general, and every accumulation of animal, fruit or vegetable matter that attends the preparation, use, cooking, storage or handling of meat, fish, fowl, fruits or vegetables; . . ."

Whether all of the things mentioned in this definition have a property value, it is not necessary here to determine; but such things as ashes, cinders, broken household furniture, and vegetable matter, and at least some of the others, have. *Masgai v. Public Service Commission,* 124 Pa. Super. Ct. 370, 188 Atl. 599; *Jansen Farms, Inc. v. Indianapolis,* 202 Ind. 138, 171 N. E. 199, 72 A. L. R. 514; *Indianapolis v. Ryan,* 212 Ind. 447, 7 N. E. (2d) 974; *California Reduction Co. v. Sanitary Reduction Works,* 199 U. S. 306, 50 L. Ed. 204, 26 S. Ct. 100. The respondent was a contract carrier, and, without a permit from the department of public service, was operating illegally.

The judgment appealed from will be reversed, and the cause remanded with direction to enter a judgment of conviction and impose a sentence.

BLAKE, C. J., BEALS, ROBINSON, and SIMPSON, JJ., concur.