

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

January 28, 1977

The Honorable Carol S. Vance          Opinion No. H-933
District Attorney
Harris County Courthouse              Re: Whether persons
Houston, Texas   77002                performing solid waste
                                      disposal services are
                                      motor carriers under
                                      article 911b, V.T.C.S.

Dear Mr. Vance:

You have requested our opinion regarding whether a person who performs solid waste disposal services may be regulated by the Railroad Commission as a "motor carrier." Article 911b, V.T.C.S., authorizes the Commission "to prescribe all rules and regulations necessary for the government of motor carriers." Sec. 4(a). "Motor carrier" is defined to include

> any person, firm, corporation, company, copartnership, association or joint stock association . . . controlling, managing, operating, or causing to be operated <u>any motor-propelled vehicle used in transporting property for compensation or hire</u> over any public highway in this state, where in the course of such transportation a highway between two or more incorporated cities, towns or villages is traversed. Sec. 1(g). (Emphasis added).

Since 1972, the Railroad Commission has been issuing certificates of convenience and necessity to persons who perform solid waste disposal services. You ask whether such operations may properly be deemed to employ "motor-propelled vehicles used in transporting property for compensation or hire," so as to authorize the Commission to require them to obtain certificates of convenience and necessity.

You state that a solid waste disposal company charges a fee for its services to each customer based upon such factors as the number and size of the containers, frequency of pickup and compactability of the waste. Although there is in most instances no separately stated charge for the transportation of the waste, there is no dispute that transportation costs are included within the charge which the customer pays for the disposal service. So long as transportation costs are included in the contract price, we believe that the Railroad Commission is permitted to conclude that the operation embraces transportation "for compensation or hire" within the meaning of article 911b. New Way Lumber Co. v. Smith, 96 S.W.2d 282, 286-87 (Tex. Sup. 1936); Attorney General Opinion S-218 (1956). See also Attorney General Opinion C-126 (1963). Cf. Attorney General Opinion M-247 (1968).

In order to fall within the jurisdiction of the Railroad Commission, however, a solid waste disposal company must also be deemed to transport property. No Texas court has ever determined whether garbage is "property," and the courts of other jurisdictions have not reached a consensus on the issue.

In Masgai v. Public Service Commission of Pennsylvania, 188 A. 599, 600-01 (Pa. 1936), the Pennsylvania Supreme Court held that garbage and other refuse had "certain valuable uses under varied circumstances," even though its owner regarded it as being of no value. The Supreme Court of Washington has also concluded that "ashes, cinders, broken household furniture and vegetable matter" have a property value. State v. Diamond Tank Transport, 97 P.2d 145, 147 (Wash. 1939). On the other hand, the Supreme Court of Arizona has determined that garbage loses its character as "property" when discarded by its owner. Vicso v. State, 388 P.2d 155, 163 (Ariz. 1963). And the Supreme Court of New Mexico, in Fairchild v. United Service Corp., 197 P.2d 875, 883 (N.M. 1948), held that, although garbage may at times include objects of value, it is worthless to its owner and is hence not embraced within the meaning of "property."

The Honorable Carol S. Vance - page 3 (H-933)

In 1965, the Interstate Commerce Commission ruled that "debris, including rock," has a negative value to the person who discards it and thus loses its character as "property" when it is loaded and removed from his premises. Joray Trucking Corp., 99 M.C.C. 109 (1965). More recently, however, with the advent of recycling techniques, the Commission has reevaluated its position. In a 1971 decision, Transportation of "Waste" Products for Reuse and Recycling, 114 M.C.C. 92 (1971), the Commission ruled that waste materials which are recycled "assume all of the characteristics of 'property.'" Id. at 104-05.

The apparent acquiescence of the Legislature in the regulation of solid waste disposal activities by the Railroad Commission must be taken into account. As we have noted previously, the Commission has since 1972 issued certificates of convenience and necessity for disposal operations. The two sessions of the Legislature which have convened since that time could easily have signaled their concern over such regulation by expressly removing solid waste disposal services from the Commission's jurisdiction. As the Supreme Court of New Hampshire observed in Waste Control Systems, Inc. v. State, 314 A.2d 659, 662 (N.H. 1974), the exercise of jurisdiction by the Public Utility Commission over disposal operations "was proper in the absence of a definite expression of legislative intent that rubbish and garbage is not 'property.'" See also Schlagel v. Hoelsken, 425 P.2d 39, 42 (Colo. 1967). In our opinion, the Railroad Commission's assumption of jurisdiction over solid waste disposal operations, even though of recent origin, is sufficient, in the face of legislative acquiescence, to authorize its regulation thereof, particularly in view of the numerous conflicting decisions regarding whether waste may be deemed "property." We conclude therefore that, at the present time and absent specific legislation on the subject, one who performs solid waste disposal services may be regulated by the Railroad Commission as a "motor carrier."

S U M M A R Y

A person who performs solid waste disposal services may be regulated by the Railroad Commission as a "motor

carrier," provided such person is other-
wise subject to Commission jurisdiction
under article 911b, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb