Billy John **HEADSPETH**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 09–CF–1277.

District of Columbia Court of Appeals.

Argued April 3, 2012.

Decided June 7, 2012.

BEFORE: THOMPSON and OBERLY, Associate Judges, and REID, Senior Judge.

## ORDER

This matter came before the court for oral argument on April 3, 2012. A jury found appellant Billy Headspeth guilty of two counts of possession of an unregistered firearm ("UF"), in violation of D.C.Code § 7–2502.01(a) (2001), and two counts of unlawful possession of ammunition ("UA"), in violation of D.C.Code § 7–2506.01(a)(3) (2001). Appellant was arrested on June 20, 2007, after police officers, who were executing a search warrant that day at an apartment on Birney Place, S.E., found two handguns in a dresser in his bedroom. The evidence at trial established that appellant was eighteen years old at the time.

Prior to trial, and in reliance on *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), appellant moved to dismiss the charges against him on the ground that the District of Columbia's virtually absolute ban on gun registration, coupled with its law making it a crime to possess a handgun or corre-

sponding ammunition without registration of the handgun, "infringe[d] on his ... constitutional right to bear arms."[1] In denying the motion, the trial court reasoned, *inter alia*, that the restriction in District of Columbia law on firearm registration by persons under age 21 was a reasonable restriction that served an important government objective and thus was not unconstitutional; and that in any event, appellant, not having sought to register the firearms, was "not at liberty to complain" and was not entitled to avoid prosecution, "even if it would have been futile for him to seek such a registration."

■ This court subsequently held in *Plummer v. United States*, 983 A.2d 323 (D.C.2009), that a defendant has "standing to raise the Second Amendment issue as a defense to the criminal charges against him by moving to dismiss the [charges], even though he did not attempt to obtain a registration certificate ... for his handgun prior to his arrest." *Id.* at 341–42 (footnote omitted). We remanded the case to the trial court "with instructions to hold a hearing to determine whether, prior to the imposition of charges in this case, Mr. Plummer would have been able to satisfy the then existing and applicable statutory and regulatory requirements for obtaining a registration certificate and license for his handgun." *Plummer v. United States*, No. 04–CF–857, 2010 D.C.App. LEXIS 785, at *2 (D.C. May 20, 2010) (amended opinion). On appeal, appellant has not renewed his challenge to the constitutionality of the restrictions on gun registration by persons in the 18–to–20 age group that were in effect at the time of his arrest. Instead, he argues that he is entitled to a remand

for the same type of evidentiary hearing this court mandated in *Plummer*.

The District of Columbia argues that appellant forfeited the claim that he is entitled to such a hearing because, in the trial court, he did not make a record that, on the date of his offense, he would have been able to do what the law required for a person of his age to obtain a registration certificate: present an application "accompanied by a notarized statement of the applicant's parent or guardian ... [t]hat [he had] the permission of his parent or guardian to own and use the firearm to be registered" and that "[t]he parent or guardian assume[d] civil liability for all damages resulting from the actions of such applicant in the use of the firearm to be registered[.]" D.C.Code § 7–2502.03(a)(1)(A)–(B) (2001). The District asserts that a remand would be warranted only if appellant could meet the rigorous requirements of plain-error review, which would include demonstrating that it was plain on the trial court record (which it was not) that he could have qualified (with a signatory parent) to obtain a registration certificate.

The District contends that the plain-error standard applies. The District correctly states that while appellant asserted in the trial court that he had "no prior record, and no other disqualifying features for gun ownership such as a felony conviction or mental illness," he made no showing or proffer that he could have satisfied the requirements applicable to 18–to–20 year olds set out in § 7–2502.03(a)(1)(A)–(B). On the other hand, predicting that this court would order a remand in *Plummer* for the trial court in that case to make factual findings about whether Plummer

1. *Heller* did not "directly address restrictions on the possession of ammunition *per se*," but this court has concluded that "the Second Amendment guarantees a right to possess am-

munition in the home that is coextensive with the right to possess a usable handgun there." *Herrington v. United States,* 6 A.3d 1237, 1243 (D.C.2010).

would have met the requirements for registration, appellant did urge the trial court to make factual findings "in the first instance so there wouldn't need to be a remand later." Rather than decide whether plain-error review applies, we elect to remand for an evidentiary hearing. This is a course we sometimes have followed in cases where the court's erroneous ruling on one issue (here, whether appellant had standing to seek dismissal of the charges) was a factor in the court's decision to forgo an evidentiary hearing that could have permitted resolution of another issue (here, whether appellant satisfied or could have satisfied all of the requirements of § 7–2502.03(a)) that has been rendered relevant by a subsequent ruling of this court (here, our holding in *Plummer*). *Cf. Porter v. United States*, 37 A.3d 251, 267–68 (D.C.2012) (rejecting trial court's "harmless error" ruling with respect to admission of evidence that was seized during police re-entry into residence that the trial court assumed was illegal, but remanding for forgone evidentiary hearing on whether the seizure of some or all of the evidence actually was unlawful). Accordingly, we remand the case for an evidentiary hearing.[2] D.C.Code § 7–2502.03(a) "begins with a general prohibition against" issuance of a firearm registration certificate to a person who is not "21 years of age or older," and then, in § 7–2502.03(a)(1)(A)–(B), "specifies [a] ... circumstance[ ] under which such [issuance] is nonetheless permitted." *Logan v. United States*, 489 A.2d 485, 493 (D.C.1985). Section 7–2502.03(a)(1)(A)–(B) is "therefore most appropriately construed as [an] 'exception[ ]' to the general prohibition." *Id.* Thus, on remand, appellant will have the burden of proving that he fell within the exception the section describes. *See Jacobs v. United States*, 436 A.2d 1286, 1288 n. 1 (D.C. 1981) ("When the defendant claims a statutory exception as a defense, ... the government need not prove that the defendant does not fall within the exception."); *Vincent v. United States*, 58 A.2d 829, 832 (D.C.1948) ("[W]here a person claims to fall within an exception to a statute, this is a matter of defense and must be shown by the defendant, and it is not the duty of the government to either allege or prove that the defendant does not come within the exception."). We therefore address briefly what appellant will be required to prove with respect to the requirement that his application for registration be "accompanied by a notarized statement of the applicant's parent or guardian ... [t]hat [he had] the permission of his parent or guardian to own and use the firearm to be registered" and that "[t]he parent or guardian assume[d] civil liability for all damages resulting from the actions of such applicant in the use of the firearm to be registered[.]" § 7–2502.03(a)(1)(A)–(B). Appellant will not be required to show that, at the time of his arrest, he had such an affidavit accompanying a registration application, because that would amount to requiring appellant to prove that he took steps to complete an application for registration, something we said in *Plummer*

---

2. The District has suggested that a remand will be futile, questioning in particular whether the requirements could have been met to permit issuance of a registration certificate to appellant "and his signatory parent or guardian," D.C.Code § 7–2502.03(a), and also noting that police officers found drugs and drug paraphernalia in appellant's bedroom where the guns were found. We note, however, that in *Plummer*, this court remanded for an evidentiary hearing on whether Plummer would have been able to satisfy the requirements of § 7–2502.03(a), even though subparagraph (a)(2) thereof required that an applicant for registration not have been "convicted of a ... weapons offense," and even though the record indicated that Plummer had a prior conviction of "CDW gun." 6/18/04 Tr. 6 in Superior Court Case No. F 6520–03.

may not be required for a defendant to avoid conviction for having owned a firearm without registration at a time when registration was precluded by District of Columbia law. Instead, appellant will have the burden of proving that, prior to the imposition of charges in this case, he could have obtained both a parent's or guardian's notarized written permission to own and use the handguns and the parent's or guardian's notarized written assumption of civil liability.

■ Finally, we address appellant's claim that the principles of merger apply, and that, in any event, no more than one of his UF convictions and one of his UA convictions may stand. Relying on *Cormier v. United States*, 137 A.2d 212, 217 (D.C.1957) (holding that the simultaneous possession of two unlicensed pistols constituted a single offense under the statute prohibiting the carrying of a pistol without a license), the District agrees with appellant. Although *Cormier* was concerned with a different statute, we will accept the parties' agreement and direct that if the trial court determines that appellant could not have qualified for gun registration, it shall nevertheless vacate one of his UF convictions and one of his UA convictions.

*So ordered.*