[Civil No. ·625.   Filed April 16, 1898.]

[53 Pac. 6.]

## MANLEY S. SNYDER et al., Defendants and Appellants, v. PIMA COUNTY, Plaintiff and Appellee.

1. OFFICE AND OFFICERS—BONDS—SURETIES—SEVERALLY LIABLE — REV. STATS. ARIZ. 1887, PAR. 3081, CONSTRUED—NECESSITY FOR SIGNATURE OF PRINCIPAL.—Sureties signing an official bond, given under the provisions of paragraph 3081, *supra,* become severally liable, and where the principal is obligated by law to pay over money collected by him as tax-collector, the sureties who have guaranteed the fulfillment of the obligation cannot avoid their responsibility because their principal did not sign the bond with them.

2. SAME — SAME — DEFECTIVE — PRINCIPAL AND SURETIES EQUITABLY BOUND UNDER REV. STATS. ARIZ. 1887, PAR. 3086.—A bond guarantying the fulfillment of official obligations which does not conform to the statute may be recovered upon under the provisions of paragraph 3086, *supra,* that when an official bond is defective it is not void, but the officers and sureties are equitably bound.

3. APPEAL AND ERROR—SECOND APPEAL—JUDGMENT ON FIRST APPEAL NOT SUBJECT TO REVIEW.—A judgment of an appellate court in a case becomes the law of the particular case, and is not subject to review thereafter on second appeal.

OPINION on first appeal, 5 Ariz. 45.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. J. D. Bethune, Judge. Affirmed.

The facts are stated in the opinion.

C. W. Wright, and Barnes & Martin, for Appellants.

The statute provides: "All official bonds shall be joint and several." Par. 3070. "Such bond must be signed by the principal and at least two sureties." Par. 3079.

These are statutory commands, and are plain and unambiguous. The first command is, that the bond "shall be in form joint and several." This bond is in form joint only. The second command is, that the bond "must be signed by the principal." This bond is not signed by the principal.

It therefore follows that this is not a statutory bond. No

construction except a manufactured one can make it so. It not being a statutory bond it must stand or fall as a voluntary or common-law obligation. The failure to make this distinction is the error this court made in its former opinion and decision.

The rule of law in this class of cases is this: "A surety has the right to stand on the precise terms of his contract." *People* v. *Buster,* 11 Cal. 220.

Cases covering joint and several bonds have no application to joint bonds, as is expressly held in the case of *City* v. *Dunlap,* 14 Cal. 424, 73 Am. Dec. 658, and as the bond at bar is a joint bond, not signed by the principal, it is therefore no bond, and no liability can be created thereby.

"The liability of the sureties is conditional to that of the principal. They are bound if he is bound, and not otherwise. The very nature of the contract implies this. The fact that their signatures were placed to the instrument can make no difference in its effect. It purports on its face to be the bond of three. Some one must have written his signature first, but it is to be presumed upon the understanding that the others named as obligors would add theirs. Not having done so, it was incomplete and without binding obligation upon either." *City* v. *Dunlap,* 14 Cal. 424, 73 Am. Dec. 658; *People* v. *Hartley,* 21 Cal. 585, 82 Am. Dec. 758.

William M. Lovell, District Attorney, for Appellee.

Are the sureties released from liability upon the bond sued on because it was not signed by Snyder, the principal?

It will be observed that each of the sureties bound himself in the sum of five thousand dollars for the faithful performance of the duties of his office by Snyder. Are not the sureties liable for the amounts for which they severally bound themselves? It is true that paragraph 3078 provides that "all official bonds shall be in form joint and several, except as hereinafter provided, and payable to the territory of Arizona." But the bond sued on could not be joint and several, for the reason that Snyder, the principal, purported to be bound for the sum of twenty-five thousand dollars. The ten sureties, defendants, each bound themselves in the sum of five thousand dollars respectively, and no more; hence they are not jointly and severally, and could not be jointly and severally, bound

with the principal for the sum of twenty-five thousand dollars. The bond then falls within the exception of the above-quoted section 3078 of the Revised Statutes, and becomes a several bond under paragraph 3081, which provides that when the penal sum of any bond required to be given amounts to more than one thousand dollars, the sureties may become severally liable for portions not less than five hundred dollars thereof, etc.

If the sureties intended to bind themselves respectively in the sum of five thousand dollars, as appears from the face of the bond, then they are severally liable. As to whether they intended to bind themselves severally or not, must be gathered from the bond itself. "In all written contracts the language used is the primary guide to the meaning, but it is not always conclusive, the language is sometimes ambiguous and often not conclusive of an intent to contract either way. In such cases the sense must be derived from the interests and relations of the parties as appearing in the contract." Clark on Contracts, 604.

In the case of *People* v. *Hartley*, 21 Cal. 585, 82 Am. Dec. 758, the supreme court of that state held that the sureties upon a bond similar to the one here under consideration were not liable. But it must be remembered that the California statute did not contain the exception contained in paragraph 3078 of our statutes. Neither did it appear in that case that the principal had signed the oath of office on the back of the bond and filed therewith.

The supreme court of Wisconsin, in the case of *Douglas County* v. *Brandon*, 79 Wis. 641, 48 N. W. 969, held that the sureties were liable on such a bond.

In the case of *Cockrill* v. *Davie*, 14 Mont. 131, 35 Pac. 958, the supreme court of Montana held that where the liability of the principal in a bond is fixed by contract or operation of law, his failure to sign the bond does not affect the liability of the sureties thereon.

"The fact that such treasurer did not sign the bond did not exonerate the sureties on such bond from liability thereon, he having subscribed his oath of office on the back of such bond." *Hall* v. *State*, 69 Miss. 529, 13 South. 38.

"Where an officer writes his name in the body of an instrument which is delivered and accepted as his official bond, the

same is valid as such, notwithstanding the omission of final signature.'' *McLeod* v. *State,* 69 Miss. 221, 13 South. 268.

The decision of this court in this case upon the former appeal (5 Ariz. 45, 44 Pac. 297) is the law of this case, and cannot properly be reviewed upon this appeal. That decision is *res adjudicata* as to the law of the case, and is not now open to review in this case by this court.

A judgment by the trial court, according to the intimation and direction of the court of appeals on a former appeal, will not be disturbed. *Isert* v. *Davis,* 18 Ky. Law Rep. 510, 37 S. W. 151; *Bank* v. *Lewis,* 13 Utah, 507, 45 Pac. 890; *Krantz* v. *Rio Grande Western R. R. Co.,* 13 Utah, 1, 43 Pac. 623.

On a second appeal the case is governed by a decision on a former appeal as to a particular question, regardless of whether the question arose both times in the same manner. *Board of Comm'rs* v. *Bonebreak,* 146 Ind. 311, 45 N. E. 470.

A ruling on appeal becomes the law of the case on retrial, and is not reviewable on a second appeal. *Pierce* v. *Underwood,* 112 Mich. 186, 70 N. W. 419.

On a second appeal the judgment of the supreme court on a former appeal constitutes the law of the case. *Bradley* v. *Morris,* 67 Minn. 48, 69 N. W. 624.

On a second appeal the question of law decided on a former appeal are no longer open, but are *res adjudicata*. *Carpenter* v. *McDavitt,* 66 Mo. App. 1. See, also, *State* v. *Morse,* 66 Mo. App. 303; *Fink* v. *Insurance Co.,* 66 Mo. App. 513; *Meyer* v. *Shamp,* 51 Neb. 424, 71 N. W. 57.

On a second appeal it is immaterial that the decision on the former appeal was not correct, the remedy having been by a petition to rehear. *First Nat. Bank* v. *Asheville F. and L. Co.,* 120 N. C. 475, 26 S. E. 972; *Silva* v. *Packard,* 14 Utah, 245, 47 Pac. 144; *Pattern Paper Co.* v. *Canal Co.,* 93 Wis. 283, 66 N. W. 601, 67 N. W.. 423; *Litton Coal etc. Co.* v. *Persons,* 15 Ind. App. 69, 43 N. E. 651; *Bank* v. *State,* 69 Tenn. 591; *Arnold* v. *Woodward,* 22 Colo. 348, 44 Pac. 507; *Whiting* v. *Bohlen,* 56 Ill. App. 287.

STREET, C. J.—This was an action brought in the district court of Pima County by Pima County, plaintiff, on the official bond of Manley S. Snyder, which had been executed to the territory of Arizona on the twenty-ninth day of December,

1888, to secure the performance of the official duties of Manley S. Snyder, as tax-collector of Pima County, for the term of two years, beginning on the first day of January, 1889, and ending on the last day of December, 1890, alleging that the said Snyder had, as tax-collector, failed to pay the amount of $4,070 to the treasurer of Pima County, which he had collected as tax-collector and had converted to his own use. The bond was set out in the body of the complaint, *in hæc verba,* and revealed the fact that it had not been signed by Manley S. Snyder as principal, which defect in the bond was also suggested by the pleader in the body of the complaint. To this complaint a demurrer was filed, which was sustained by the district court, which rendered judgment in favor of the defendants, dismissing plaintiff's complaint. From that judgment the plaintiff, Pima County, appealed to the supreme court of the territory of Arizona. The appeal was heard and decided by this court on the ninth day of March, 1896, wherein this court reversed the judgment of the district court and remanded the cause to the same court, with directions to overrule the demurrer. The cause was thereafter tried in said court upon the merits, and on the sixth day of January, 1897, judgment was rendered in favor of plaintiff, Pima County, and against all of the sureties on said bond, and all of the defendants herein, except Manley S. Snyder, principal, for the sum of $4,126.50. Manley S. Snyder, being out of the territory, was not served with summons, nor did he appear in the action. From that judgment the sureties have appealed to this court, and again raise the identical question heretofore decided on the former appeal,—to wit, "that Manley S. Snyder, as principal, not having signed the bond, whether the sureties were obligated thereon." That question was solved by this court on the former appeal, and the opinion therein may be found in 5 Ariz. 45, 44 Pac. 297, 298. This court then resolved that the bond, not having been given as directed by paragraph 3078 of the Revised Statutes, which directs that all official bonds be in form joint and several, except as otherwise provided, but having been given under paragraph 3081, which provides that sureties signing such a bond as this become severally liable, was a several bond, and not a joint bond, and it being a several bond, the signature of the principal was not essential; that the principal, Manley S. Snyder, being

obligated by operation of law to pay over the money collected by him as tax-collector, the sureties, who guarantied the fulfillment of that obligation, cannot avoid their obligation because their principal did not sign the bond with them. The rule contended for by appellants might apply where the principal is not obligated in any other way that by the bond, but only by virtue of having executed the bond. If Manley S. Snyder, the principal, was not obligated to Pima County in any other way than by the execution of the bond, the contention of appellants might not be without reason; but he does stand obligated by virtue of his office, by virtue of his oath, and by virtue of the obligation which he entered into, and Pima County could recover against him as well without a bond as with it. If his sureties signed a bond guarantying the fulfillment of his obligations which did not conform to the statute and become a statutory bond, it was at least such a bond as could be recovered upon under statutory regulation. Such species of bond is provided for by paragraph 3086, which reads: ''Whenever an official bond does not contain the substantial matter or conditions required by law, or there are any defects in the approving or filing thereof, it is not void so as to discharge such officer and his sureties; but they are equitably bound to the territory or party interested.'' We are satisfied with the former judgment of this court upon that question, and see no reason for disturbing it. Even though we should now be convinced that this court has made a mistake in its former judgment directing the district court to overrule the demurrer and proceed to trial, yet that judgment is the law in this case. Its construction is more than *stare decisis.* It becomes *res adjudicata.* While this court may reserve to itself the right to reverse that decision as it may be applied to another case, yet it is well settled that a judgment of an appellate court in a case becomes the law of that particular case, and is not subject to review thereafter on second appeal. *Bradley* v. *Norris,* 67 Minn. 48, 69 N. W. 624; *Pierce* v. *Underwood,* 112 Mich. 186, 70 N. W. 419; *Commissioners* v. *Bonebreak,* 146 Ind. 311, 45 N. E. 470; *Krantz* v. *Railway Co.,* 13 Utah, 1, 32 L. R. A. 828, 43 Pac. 624; *Bank* v. *Lewis,* 13 Utah, 507, 45 Pac. 890; *Isert* v. *Davis,* 18 Ky. Law Rep. 510, 37 S. W. 151. The supreme court of the United States, in *Stewart* v. *Salamon,* 97 U. S. 361, settles the'

law for us in the following language: "An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves." In this case the district court overruled the demurrer, in accordance with the decree and judgment of this court, and heard the case upon its merits. To now reverse the judgment of that court by changing a rule laid down by this court for its guidance, would be to condemn the action of the judge for doing that which this court had directed to be done. The judgment of the district court is affirmed.

Sloan, J., Doan, J., and Davis, J., concur.