410 P.2d 677

**COCHISE SANITARY SERVICES, INC., also known as Cochise Sanitary Service, Inc., an Arizona corporation, Appellant,**

v.

**CORPORATION COMMISSION of the State of Arizona, and Jack Buzard, E. T. Williams, Jr., and John P. Clark, in their official capacity only as members of and constituting the Arizona Corporation Commission, Appellees.**

**No. 1 CA–CIV 96.**

Court of Appeals of Arizona.

Jan. 28, 1966.

Rehearing Denied Feb. 24, 1966.

Review Denied March 22, 1966.

Holesapple, Conner, Jones, McFall & Johnson, by Clifford R. McFall, Tucson, for appellant.

Darrell F. Smith, Atty. Gen., Phoenix, by Sidney M. Rosen, Asst. Atty. Gen., for appellees.

CAMERON, Judge.

This is an appeal from the Superior Court of Maricopa County upholding a previous decision of the Corporation Commission of Arizona, cancelling the certificate of convenience and necessity previously held by Cochise Sanitary Services, Inc.

We are called upon to determine whether appellant's business, that of collecting and disposing of garbage, is a public service corporation within the terms of the Arizona Constitution and applicable statutes.

The facts as are necessary for a determination of this matter on appeal are as follows: Following the opinion of the Arizona Supreme Court in the case of Visco v. State of Arizona, 95 Ariz. 154, 388 P.2d 155 (1963), the Corporation Commission of Arizona ordered the appellant and others to appear and show cause why their "common carrier certificate of convenience and necessity or contract carrier permit, permitting and authorizing the transportation of the above-described property for compensation over public highways should not be revoked, pursuant to Section 40–610, A.R.S. and general orders of the Commission." The Commission, after notice given and hearing held on 24 April, 1964, issued an order revoking the certificate of convenience and necessity of the appellant, Cochise Sanitary Service, Inc. The order read in part as follows:

"The Commission does not believe that these certificates heretofore issued by it grant to the Respondents unlawful monopolies and the Commission is of the further opinion that the granting of such certificates was not contrary to law or to the Constitution of Arizona or of the United States. The Commission also is of the opinion that the transportation of garbage, trash, refuse, junk and waste material is the carriage of 'property' as the term is used in the statutes and in Article XV, #2 of the Constitution. It is the view of the Commission that the Respondents and approximately 30 other carriers holding certificates of convenience and necessity or contract carrier's permits for the transportation of trash, garbage and refuse, are public service corporations as defined by said Article XV, #2.

"The Commission also believes that the question of technical ownership is not controlling and that persons accumulating and possessing such property (particularly putrescible garbage) are prohibited by law from placing or abandoning it on either public or private property.

"The Commission is of the further opinion that the motor carriage by the Respondents is undertaken for the benefit of consignors or possessors of this property and carriers are paid by consignors for the purpose of accomplishing the act of lawful abandonment of said property, which act is concluded at end of the transportation journey at a public dump, sanitary land fill or other lawful garbage and trash disposal areas. The Commission is also of the opinion that a much greater need exists to regulate public service corporations engaged in carrying trash and garbage than exists for regulating the transportation of other articles of property which do not potentially affect the health, welfare and sensibilities of members of the public.

"The Commission is of the further opinion that the elimination of economic and other regulation of these public service corporations will immediately result in substantially diminishing the value of the plants and investments of the Respondents and will thereafter result in destructive competition which will materially prejudice the welfare of the Respondents' thousands of shippers or customers.

"Notwithstanding the foregoing opinions and beliefs of the Commission, the Commission finds that the operations of the Respondents are identical with or greatly similar to the operations which were described and enjoined by the Findings and Decree of Injunction of the Superior Court of Maricopa County in Cause No. 130907, which Decree was the subject matter of the appeal to the Supreme Court of Arizona in Visco vs. State, No. 7679 [95 Ariz. 154], 388 Pac.2d 155. Inasmuch as the Supreme Court of Arizona has reversed said Decree, and because the ultimate judicial power of the State of Arizona is vested in the Supreme Court, the Commission must follow this decision of the Court, Accordingly,

"IT IS HEREBY ORDERED that the following certificates of convenience and necessity are, except as hereinafter indicated, revoked: * * * *"

On 11 May, 1964, Cochise Sanitary Service applied for a rehearing and rescission of the decision which was denied on 26 May, 1964. Appellant brought suit in the Superior Court of Maricopa County asking that the decision of the Corporation Commission be rescinded and vacated and that appellant be restored to the status of a public service corporation and as a common carrier of property. Appellee, Corporation Commission, moved to dismiss, and after hearing the motion was granted on 5 November, 1964. Appellants timely prosecuted their appeal.

Appellants first contend that the judgment in the *Visco* case, supra, is not binding upon them and cite the following headnote:

"Industrial commission and Supreme Court may take judicial notice of their own decisions or of the facts therein determined but binding effect is limited to parties litigant in the case." Phelps-Dodge Corp. v. Ford, 68 Ariz. 190, 203 P.2d 633 (1949).

We would agree that the doctrine of res judicata or collateral estoppel would not apply to the appellants, Cochise Sanitary Service, Inc., as a result of the *Visco* case, supra, DiOrio v. City of Scottsdale, 2 Ariz. App. 329, 408 P.2d 849 (1965), but the *Visco* case, supra, is res judicata as to the Corporation Commission which was a party to that case, and, of course, the propositions

of law set forth in the *Visco* case are persuasive as to the appellant.

■ Appellants next contend that garbage is property under the provisions of Section 2, Article 15 of the Constitution of Arizona, A.R.S., which provides, in part:

> "Section 2. All corporations other than municipal engaged in carrying * * * property for hire; * * * and all corporations other than municipal, operating as common carriers, shall be deemed public service corporations."

In the *Visco* case, supra, our Supreme Court quoted with approval the following:

> " 'Garbage collected to be removed and thrown away insofar as the owner is concerned, is not goods or personal property in the sense used in the definition of "common carrier." It must be carried for a consignor to a consignee as goods or something of value.
>
> " 'Whether * * * we had reference to our statutory, or the common law definition of "common carrier" it is immaterial. The appellee is not a common carrier in either sense. He was merely a contract carrier as held by the Washington court. Fairchild v. United Service Corp., 52 N.M. 289, 302–303, 197 P.2d 875, 883.' " Visco v. State, 95 Ariz. 154, 168, 388 P.2d 155, 164.

Concerning the power of the Corporation Commission, our Supreme Court has recently stated:

> "We have said about Article 15 of the Constitution that the Corporation Commission's powers do not exceed those to be derived from a strict construction of the Constitution and implementing statutes (citations). This is consistent with the proposition from which there seems to be no dissent that a public service commission has no inherent power." Williams v. Pipe Trades Industry, Ariz., 409 P.2d 720, filed 13 January, 1966.

The Arizona Supreme Court also quoted with approval:

> "The power to require certificates of convenience and necessity must be given expressly to a commission. It will not be implied from statutes giving the commission a power of supervision of utilities; nor will it be implied from a general power to regulate them. Requiring certificates of convenience and necessity is not an aspect of supervision or regulation, for it precedes these. The power to regulate established utilities and the power to prohibit the entrance of new ones are different. 28 Mich.Law Rev. 107, at pp. 122–124." Williams v. Pipe Trades Industry, op. cit.

■ Before the Commission may grant a monopoly to a private business, it must be clearly authorized by the Arizona Constitution and the statutes enacted thereunder. Our Supreme Court stated in *Visco*, supra, as follows:

> "What we hold here is that in attempting to grant a monopoly of the private business of trash collection to appellants' competitors, the Corporation Commission has assumed a power which is neither granted by the statute nor authorized by the Arizona Constitution and the exercise of which is forbidden by both the Arizona and Federal Constitutions. Every business in the state is subject to public control in some respects. This does not mean that because 'regulated monopoly' has been accepted as a method of regulating public service corporations that the state, either administratively or legislatively, can, without reason, grant monopolies in all businesses." Visco v. State, 95 Ariz. 154 at 169, 388 P.2d 155 at 165, supra.

The decision of the lower court is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.