410 P.2d 681

ARIZONA SERVICE COMPANY, a bankrupt Arizona Corporation, Ben Pasqualetti, Jr., and William J. Snow dba Suburban Sanitation Service, Appellants,

v.

The ARIZONA CORPORATION COMMISSION and Jack Buzard, E. T. Williams, Jr., and John P. Clark as members thereof, Appellees.

No. 1 CA–CIV 102.

Court of Appeals of Arizona.

Jan. 28, 1966.

Rehearing Denied Feb. 24, 1966.

Review Denied March 22, 1966.

Fennemore, Craig, Allen & McClennen, by Calvin H. Udall, Phoenix, for appellants.

Darrell F. Smith, Atty. Gen., Phoenix, by Sidney M. Rosen, Asst. Atty. Gen., for appellees.

CAMERON, Judge.

This is a companion case to Cochise Sanitary Services v. Corporation Commission, 2 Ariz.App. 559, 410 P.2d 677 (1966) filed this date.

Appellants, Arizona Service Company and Suburban Sanitation Service, filed an action in the Superior Court to review the order of the Corporation Commission of Arizona cancelling their certificates of convenience and necessity. The trial court granted the Corporation Commission's motion to dismiss, based upon the decision in Visco v. State ex rel. Pickrell, 95 Ariz. 154, 388 P.2d 155 (1963) and appellants appeal.

Both appellants had certificates of convenience and necessity for the transportation of trash, refuse and garbage. Our opinion in Cochise Sanitary Service v. Corporation Commission, supra, is applicable and the reader is referred to that opinion for the Court's reasoning.

Appellants also contend that to strip them of their status as certificated common carriers and public service corporations after they have made extensive investments in their businesses and to subject them to destructive competition deprived them of their property without due process and denied them equal protection under the laws, in violation of both Federal and Arizona Constitutions. We would point out that appellants had their day before the Commission, at a regularly noticed hearing, and that they were heard in the court below. The Corporation Commission, after the Visco v. State ex rel. Pickrell decision, supra, had no choice but to cancel said certificates. We do not feel that the Commission, in cancelling and revoking a certificate that our Supreme Court has found the Commission had no authority to grant in the first place, deprived the appellants of equal pro-

tection under the law or deprived them of their property without due process.

For that reason, the decision of the lower court is affirmed.

STEVENS, C. J., and DONOFRIO, J., concur.