410 P.2d 682

**GARBAGE SERVICE COMPANY,**
a corporation, Appellant,

v.

The **ARIZONA CORPORATION COMMISSION, and A. P. (Jack) Buzard, John P. Clark and E. T. (Eddie) Williams, Jr., as members of and constituting said Commission, Appellees.**

**No. I CA–CIV 107.**

Court of Appeals of Arizona.

Jan. 28, 1966.

Rehearing Denied Feb. 24, 1966.

Review Denied March 22, 1966.

Minne & Sorenson, by Richard Minne, Phoenix, for appellant.

Darrell F. Smith, Atty. Gen., Phoenix, by Sidney M. Rosen, Asst. Atty. Gen., for appellees.

CAMERON, Judge.

This is a companion case to Cochise Sanitary Service v. Corporation Commission, 2 Ariz.App. 559, 410 P.2d 677 (1966), filed this day.

The appellant, Garbage Service Company, a corporation, raises the additional question that the trial court, in dismissing appellant's complaint, deprived appellant of property without due process of law, and denied appellant the equal protection of the law.

The facts are similar to Cochise Sanitary Service v. Corporation Commission, supra, in that prior to 24 April, 1964, Garbage Service Company had a certificate of convenience and necessity to operate as a common carrier transporting, for compensation,

garbage, trash, refuse, junk and waste material. On 21 February, 1964, the Commission issued its order to show cause, and after hearing, on 24 April, 1964, the Commission entered its written decision and order revoking appellant's certificate of convenience and necessity. After timely application for an order to vacate and for rehearing, appellant, Garbage Service Company, pursuant to the provisions of A.R.S. Section 40–254, instituted this action in the Superior Court of Maricopa County, and sought to have the decision and order of the Arizona Corporation Commission vacated and set aside. Appellee, Corporation Commission, moved to dismiss the complaint which was granted, and Garbage Service Company brings this appeal.

We feel and therefore hold, that Visco v. State, 95 Ariz. 154, 388 P.2d 155 (1963), is controlling in the instant case. For a more complete statement of our reasoning, see Cochise Sanitary Service v. Corporation Commission, supra.

█ Appellant contends that there has not been a complete consideration of the questions purportedly ruled upon in Visco v. State, supra, questions which appellant submits were not properly before the court. Appellant would urge that the lower court should consider, not only the questions in its case, but also to completely re-examine the fact situation in Visco v. State, supra. Failing to do this, appellant contends that he has not been afforded the opportunity for a fair hearing or that he has been deprived of property without due process of law or equal protection of the law.

With this we cannot agree. While it is true that the appellant was not a party in the matter of Visco v. State, supra, the law is applicable to appellant, and we believe that his case cannot be distinguished upon the facts presented to this court, from the facts presented to the court in Visco v. State, supra. For that reason, the judgment is affirmed.

STEVENS, C. J., and DONOFRIO, J., concurring.