441 P.2d 786

RAIL N RANCH CORPORATION, an Arizona corporation; Lloyd W. Golder III and Helen T. Golder, husband and wife; Lloyd W. Golder, Jr. and Esther B. Golder, husband and wife, Appellants,

v.

The STATE of Arizona, a sovereign state; the Arizona Highway Commission, and Wilbur F. Asbury, Bryant Whiting, Arthur F. Black, Stanley W. Coon and K. William Holbrook, as members thereof; J. R. Van Horn, Individually, and as State of Arizona Engineer; William N. Price, Individually, and as State of Arizona Highway Engineer; Martin Toney, Individually and as State Engineer of Bridges and Dams; Mike Pintek; and Wayne Hunziker, Appellees.

No. 2 CA–CIV 358.

Court of Appeals of Arizona.

June 11, 1968.

Rehearing Denied July 3, 1968.

Review Denied Sept. 26, 1968.

' Odgers & Barker, Miller & Pitt, by J. Emery Barker and Vincent E. Odgers, Tucson, for appellants.

Darrell F. Smith, Atty. Gen., Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellees.

MOLLOY, Judge.

Plaintiffs appeal from a judgment entered in the trial court dismissing the State of Arizona, its Highway Commission, and a number of its agents and employees as parties defendant to this litigation. The basis for this ruling is the legislative grant of immunity found in A.R.S. § 45–715, which provides that no action shall be maintained against the State and its individual agents for damages resulting from failure of a dam.

The essential factual background of plaintiffs' claims is set forth in a prior opinion of this court in this same litigation, Turner v. Superior Court, 3 Ariz.App. 414, 415 P.2d 129 (1966), and will not be reiterated here.[1] On this appeal, plaintiffs challenge the constitutionality of § 45–715, asserting that its operation results in a taking of their property without due process of law, and that its provisions are in conflict with Article 2, § 9, and Article 18, § 6, of the Arizona Constitution, A.R.S. Plaintiffs also assert that the statute has no effect following our Supreme Court's decision in Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963). No question is raised but that if § 45–715 is valid and effective, it negatives plaintiffs' cause of action against the State and its privies.[2]

Our first inquiry, however, is as to whether and to what extent plaintiffs are

foreclosed from challenging § 45–715 by reason of the doctrine of law of the case. ·

In Turner, the precise issue before this court was whether the trial court should have granted a motion, made on behalf of certain defendants other than those whose dismissal is now on appeal, for a change of venue from Pima County, where plaintiffs commenced suit. Plaintiffs at that time sought to sustain venue in Pima County under the venue statute, A.R.S. § 12–401, on the basis of the Pima County residence of one of the defendants, Mike Pintek, whose involvement in the litigation is in connection with his employment by the State Highway Department. We held, reversing the trial court's decision in an original certiorari proceeding, that venue was not properly laid in Pima County, because no cause of action had been alleged against the defendant, Mike Pintek, by reason of the immunity conferred under § 45–715. Subsequent to our decision in Turner, the Supreme Court denied present plaintiffs' request for a writ of review.

A formal opinion by an appellate court on the merits of the case in a certiorari or other similar proceeding partakes of the nature of an appellate proceeding and the law stated therein is conclusive as the law of the case on a subsequent appeal. Allison v. Ovens, 102 Ariz. 520, 433 P.2d 968 (1967); and see Ex parte Sears, 137 Cal.App. 308, 30 P.2d 571 (1934); 14 Am. Jur.2d Certiorari § 75, at 839; 14 C.J.S. Certiorari § 183, at p. 327. Constitutional issues, like other issues, are concluded under the doctrine of law of the case. Reid v. State ex rel. Department of Public Works, 208 Cal.App.2d 725, 25 Cal.Rptr. 535 (1962); Ex parte Sears, supra; Garcia v.

[1] This litigation was also the subject of another opinion of this court, Rail N Ranch Corporation v. State, 4 Ariz.App. 301, 419 P.2d 742 (1966), in which we held that the trial court's original order of dismissal was not an appealable final judgment under Rule 54(b), as amended, of the Rules of Civil Procedure, 16 A.R.S.

[2] "A. No action shall be brought or maintained against the state, the state engi-

neer or his employees or agents for damages sustained through the partial or total failure of any dam or its maintenance by reason of his control and regulation thereof.

"B. Nothing in this article shall relieve an owner or operator of a dam from the legal duties, obligations and liabilities arising from such ownership or operation." § 45–715, 15 A.R.S.

Pan American Airways, Inc., Sup., 77 N.Y.S.2d 256 (1947), aff'd 274 App.Div. 996, 84 N.Y.S.2d 408.

The rule of decision called "law of the case" is firmly established in a long chain of Arizona decisions beginning with Snyder v. Pima County, 6 Ariz. 41, 53 P. 6 (1898); and including Alires v. Southern Pacific Company, 100 Ariz. 6, 409 P.2d 714 (1966); State ex rel. Willey v. Musil, 98 Ariz. 9, 401 P.2d 410 (1965); Beliak v. Plants, 93 Ariz. 266, 379 P.2d 976 (1963); Graham County Electric Co-op., Inc. v. Town of Safford, 95 Ariz. 174, 388 P.2d 169 (1963); In re Monaghan's Estate, 71 Ariz. 334, 227 P.2d 227 (1951); and Commercial Credit Co. v. Street, 37 Ariz. 204, 291 P. 1003 (1930).

The Court stated the effect of the rule in Snyder v. Pima County, in these terms at 6 Ariz. 46, 53 P. 6:

"We are satisfied with the former judgment of this court upon that question, and see no reason for disturbing it. Even though we should now be convinced that this court has made a mistake in its former judgment directing the district court to overrule the demurrer and proceed to trial, yet that judgment is the law in this case. Its construction is more than *stare decisis*. It becomes *res adjudicata*. While this court may reserve to itself the right to reverse that decision as it may be applied to another case, yet it is well settled that a judgment of an appellate court in a case becomes the law of that particular case, and is not subject to review thereafter on second appeal."

■ The Court discussed the competing policy considerations behind the rule in its decision In re Monaghan's Estate, 71 Ariz. at 336-337, 227 P.2d at 228, and studiedly reaffirmed its continuing adherence to it. While the rule has var-

iously been described as one of policy and judicial convenience rather than an absolute limit of power, it has been consistently followed in Arizona except where the previous appellate decision was "palpably erroneous" or "manifestly unjust." Sibley v. Jeffreys, 81 Ariz. 272, 305 P.2d 427 (1956). We think that the decisions of our Supreme Court indicate that this doctrine is to be regarded with great respect to the end that courts may adequately perform their primary function of putting an end to controversy.

■ In the present litigation, we held, in *Turner,* that A.R.S. § 45–715 was a valid and effective statute as against the constitutional contention that its application in this case deprived plaintiffs of their property without due process of law, and against the contention that its effect was nullified by the *Stone* decision. We do not regard that decision as "manifestly unjust," even when considered in the light of plaintiffs' present assaults upon this immunity statute. The plaintiffs have still failed to call to our attention a single decision holding a comparable immunity statute to be a violation of due process. Plaintiffs' Article 18, § 6, attack[3] seems to be squarely met by Industrial Commission v. Frohmiller, 60 Ariz. 464, 140 P.2d 219 (1943), and Harrington v. Flanders, 2 Ariz.App. 265, 407 P.2d 946 (1965), which hold that this provision does not apply to a cause of action which did not exist at the time of the adoption of our Constitution. See *Stone,* supra. That this grant of immunity is "irrevocable" so as to come within the proscription of Article 2, § 9,[4] is an argument we have been unable to follow. As we see it, the subject immunity statute may be repealed by the legislature at any time it chooses to do so. Accordingly, we see no basis to refuse to apply this doctrine under *Sibley* if it is otherwise applicable.

---

3. "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Art. 18, § 6, Ariz.Const., 1 A.R.S.

4. "No law granting irrevocably any privilege, franchise, or immunity shall be enacted." Art. 2, § 9, Ariz.Const., 1 A.R.S.

■ Plaintiffs argue here that our holding in *Turner* on the constitutionality of § 45–715 was not essential to our ruling on the venue issue and therefore constitutes mere dicta which need not be followed as the law of the case. If our holdings on those matters were dicta, it would still not inexorably follow that such holdings would not be the law of the case. 5 Am.Jur.2d Appeal and Error § 753, at 196–97; 5B C.J.S. Appeal & Error § 1964a., at p. 557, and cases cited. But we are unwilling to have our previous holding so categorized. Plaintiffs resisted the motion for change of venue in the trial court and in this court. It was our duty to affirm the trial court if we could do so under any theory within the issues framed below. Mountain States Construction Company v. Riley, 88 Ariz. 335, 356 P.2d 648 (1960).

Had we found § 45–715 either unconstitutional or ineffective by reason of the *Stone* decision, we would perforce have, under the principles announced in *Turner,* affirmed, rather than reversed, the trial court's denial of a change in venue. Prior to the application for special writ here, the plaintiffs-appellants had urged the unconstitutionality of A.R.S. § 45–715 and its nullification by reason of the *Stone* case in the trial court in resisting the motion to dismiss as to the defendants-appellees now before us. The record of that court was before us in the *Turner* certiorari proceeding. The validity of § 45–715 was considered upon oral argument here in *Turner.* We think it was a necessary subject for decision in that proceeding.

■ In the present appeal, the defendants-appellees before us are not the same defendants who, as petitioners for certiorari, were opposite to plaintiffs in the certiorari proceeding that gave rise to our *Turner* opinion. If we were concerned only with an adjunct of the doctrine of

res judicata, there would be question of its application here, since generally under this doctrine judgments are binding only as between the same parties who have litigated between themselves a matter in controversy and there must be mutuality of estoppel. 30A Am.Jur. Judgments § 392, at 440–41; 50 C.J.S. Judgments § 765, at pp. 293–294; Restatement of Judgments § 82, at 384. But see contra statements in Cochise Sanitary Services, Inc. v. Corporation Comm., 2 Ariz.App. 559, 661, 410 P.2d 677, 679 (1966), and Di Orio v. City of Scottsdale, 2 Ariz.App. 329, 331, 408 P.2d 849, 851 (1965); and see Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 19 Cal.2d 807, 811–813, 122 P.2d 892, 894–895 (1942).

Though the doctrine of law of the case is frequently referred to as being an application of the principle of res judicata (see, e. g., quotation from *Snyder,* supra), and though undoubtedly these two concepts share the policy consideration of putting an end to litigation, we believe there is a difference in substance between them so that, insofar as the particular problem at hand is concerned, the doctrine of law of the case may have broader limits than that of res judicata.[5] Treatises and other authorities distinguish between the three related but separate principles of res judicata, law of the case, and stare decisis. 5 Am.Jur.2d Appeal and Error § 744, at 189; 30A Am.Jur. Judgments § 331, at 378; 5B C.J.S. Appeal & Error § 1822, at pp. 191–192. See Lummus, The "Law of the Case" in Massachusetts, 9 Boston U.L.Rev. 225 (1929); and see generally Note, Law of the Case, 5 Stanford L.Rev. 751 (1953).

We do not consider the requirement of mutuality to be controlling here. As we view the doctrine of law of the case, a policy objective is to provide for the orderly processing and expeditious resolution of controversy in a particular law-

---

5. Paradoxically, insofar as the scope of the issues determined, the doctrine of law of the case probably has narrower limits. See 30A Am.Jur. Judgments § 331, at 378; 5B C.J.S. Appeal & Error § 1822, at p. 191.

suit. This policy would be frustrated if it were to be insisted that only the opposing parties in a particular appeal were to be bound as between themselves by an appellate decision rendered in a case. Multiple appeals in a single suit are not uncommon, and if decisions rendered on appeal were to be binding only as between the opposing parties on appeal, instead of orderly procedure, we would have a procedural maze with many cul-de-sacs.

For instance, if we were now to hold that the previous opinion rendered is erroneous as between the parties now before us, but, under the law of the case, binding between the parties to the previous appellate proceeding, the result would be that this case is now pending in the right county insofar as the plaintiffs and some of the defendants are concerned and in the wrong county insofar as the plaintiffs and these defendants are concerned.

And, were we to attempt to completely undo what we did in the previous proceeding, we would be violating the fundamental principle of res judicata which we are seeking to satisfy, in that we would be holding against the position of parties to the previous appellate proceeding who have not been heard from in this appeal. And in any event, such judicial wheel-spinning would appear to be the very thing this doctrine is designed to avoid.

■ Though authority in this particular area is scant, what authority we find leads us to believe that complete identity of the parties is not essential to application of the doctrine of law of the case and that it may be invoked against any party heard in the prior appellate proceeding by any other party in that "case," even though the party invoking the doctrine did not appear in the prior appellate proceeding. Zdanok v. Glidden Company, Durkee Famous Foods Division, 327 F.2d 944, 953 (2d Cir. 1964).

■ We decline, however, to hold that this doctrine controls new issues now sought to be raised (see note 5, supra). We find other grounds that prompt us to refuse evaluation of these new contentions of unconstitutionality. These new attacks were not presented to the lower court and this is good reason to fail to honor them now on appeal. Milam v. Milam, 101 Ariz. 323, 419 P.2d 502 (1966). Though occasionally appellate courts have permitted constitutional arguments to be made for the first time on appeal, see 4 C.J.S. Appeal & Error § 234, at p. 703, this would be a most inappropriate dispensation here. If these new contentions had been raised below, they would have been disposed of in *Turner*. To uphold them now would result in the same horrendous procedural entanglement of this litigation as if this court were now to reverse itself on the contentions resolved in *Turner*.

Judgment affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.