NORTHERN HILLS SANITATION, INC., Plaintiff and Appellant,

v.

Evelyn COSSART, County Treasurer of Lawrence County, South Dakota, Defendant and Respondent.

No. 12077.

Supreme Court of South Dakota.

April 6, 1978.

William A. Wyman, Rapid City, for plaintiff and appellant.

Donald D. Foreman, Asst. Atty. Gen., Pierre, William J. Janklow, Atty. Gen., Pierre, on brief, for defendant and respondent.

WOLLMAN, Justice.

The question presented by this appeal is whether a private contract carrier who hauls garbage and solid waste from a municipality to a landfill site operated by the private carrier is required to purchase and display compensation plates pursuant to the requirements of SDCL 32–9. The trial court's judgment answered that question in the affirmative, and we affirm.

Appellant is a business corporation organized under the laws of this state for the purpose of the gathering, collecting, and disposing of solid waste, garbage, refuse, and other discarded materials. In 1975 the cities of Lead and Deadwood and the town of Central City entered into contracts with appellant pursuant to which appellant agreed to furnish all labor, equipment and supplies necessary to collect solid wastes from those municipalities and to transport them to a landfill site operated by appellant under a permit issued by the South Dakota Department of Environmental Protection. Appellant maintains a transfer site for the three municipalities and transfers the solid waste from the transfer site to the landfill site some seventeen miles away.

At all times material herein, the following statutes were applicable to this case.

SDCL 32–9–1(3):

" 'Motor vehicle,' all vehicles or machines propelled by any power other than muscular used upon the public highways for the transportation of persons or property, either or both;"

SDCL 32–9–2:

"The term 'motor carrier' when used in this chapter shall mean any person, copartnership, or corporation owning, controlling, operating, or managing any motor vehicle, trailer, semitrailer or motor propelled or trailed vehicle chassis for the transportation of persons or property over the public highways of this state, except as provided in § 32–9–3."

SDCL 32–9–4:

"The business of operating as a motor carrier as defined in §§ 32–9–2 and 32–9–3 upon the highways of this state is declared to be a business affected with the public interest. The rapid increase in motor carrier traffic over the highways of this state tends to subject said highways to unusual wear and impairs the said highways disproportionately to the travel thereon by the general public, necessitating compensation to the state for the maintenance, upkeep, and policing of the said highways, to the end that said highways may be maintained in the best possible condition for the convenience and use of the general public."

SDCL 32–9–5:

"For the purpose of this chapter, any person as defined in § 32–9–1, using the public highways of this state as a motor carrier, shall be deemed to be making unusual use of said highways."

SDCL 32–9–6 and 32–9–7 require persons or corporations desiring to operate as motor carriers of persons or property upon the public highways of this state to purchase and display compensation plates. SDCL 32–9–3 exempts the vehicles enumerated therein from the definition of "motor carrier" set forth in 32–9–2.

Appellant contends that the trial court erred in holding that appellant was making a special and unusual use of the

highways inasmuch as appellant makes a use of the highways common to all citizens. The short answer to this contention, however, is the language of SDCL 32–9–5. As this court pointed out in *Lien v. Rowe,* 77 S.D. 422, 92 N.W.2d 922, the motor carrier compensation act was designed to maintain the highways of this state in the best possible condition for the use of the general public, and to achieve that purpose the statute requires all motor carriers using the public highways to pay compensation therefor except as specifically exempted.

■ Next, appellant contends that the trial court erred in determining that solid waste is property within the meaning of that word as used in SDCL 32–9–2. Although it is true that garbage has been held not to be goods or personal property within the meaning of constitutional provisions and statutes governing common carriers, see, e. g., *Visco v. State,* 95 Ariz. 154, 388 P.2d 155; *Arizona Service Co. v. Arizona Corporation Commission,* 2 Ariz.App. 563, 410 P.2d 681; *Fairchild v. United Service Corp.,* 52 N.M. 289, 197 P.2d 875, other courts have reached a contrary result. See, e. g., *Masgai v. Public Service Commission of Pennsylvania,* 124 Pa.Super. 370, 188 A. 599; *Waste Control Systems, Inc. v. State,* 114 N.H. 21, 314 A.2d 659. Whatever definition solid waste or garbage might be given for other purposes, we think that consistent with our holding in *Lien v. Rowe,* supra, the solid waste transported by appellant over the highways of this state must be deemed to be property within the meaning of our motor carrier compensation statutes in order that the purpose of those statutes might be effectuated. As far as the wear and tear on our highways is concerned, it would seem to matter little whether a motor vehicle is carrying twenty tons of garbage or twenty tons of caviar. If the transportation of solid waste and garbage is to be exempted from the provisions of the compensation statutes, that exemption must appear from a fair reading of the statutes and not from a highly restricted definition of the word "property."

■ Finally, appellant contends that because it is subject to regulation by the Department of Environmental Protection pursuant to SDCL 31–30 and SDCL 34A–6 it is exempted from complying with SDCL 32–9. Pursuant to SDCL 34A–6 the Department of Environmental Protection is charged with the duty and authority to regulate and control the collection, transportation and disposal of solid waste. The Board of Environmental Protection is empowered by SDCL 34A–6–5 to adopt and promulgate rules and standards for the collection, transportation, processing, resource recovery and disposal of solid wastes. Appellant contends that because the city of Lead did not voluntarily enter into its contract with appellant but did so only as a result of a compliance order issued by the Department of Environmental Protection, appellant is not voluntarily using the highways of the state but rather is using them pursuant to the rules and regulations adopted by the Department of Environmental Protection. In short, appellant contends that because SDCL 34A–6–1 declares it to be the public policy of the state to regulate and control the collection, transportation, and disposal of solid wastes in a manner that will protect the public health and safety, appellant is somehow exempted from the provisions of the motor carrier compensation statutes because it is collecting, transporting and disposing of solid waste in accordance with the rules and regulations issued pursuant to SDCL 34A–6. Appellant points to no provision within that chapter, however, that specifically grants to the Department of Environmental Protection the authority to exempt motor carriers from the provisions of SDCL 32–9, nor does a reading of SDCL 34A–6 compel a conclusion that the legislature intended that the Department of Environmental Protection should have the authority to exempt from the requirements of SDCL 32–9 those who utilize the highways of this state for the collection, transportation and disposal of solid wastes. Indeed, in the only case in which we have thus far had occasion to consider the authority of the Board of Environmental Protection, the Board made no

claim that it had the type of preemptive jurisdiction that appellant claims for it here. *Lincoln County v. Johnson,* S.D., 257 N.W.2d 453. We conclude that appellant's contention in this regard is without merit.

The judgment appealed from is affirmed.

All the Justices concur.